OPINION AND JOURNAL ENTRY
Defendant-appellant, James M. Parks, appeals from a Columbiana County Common Pleas Court decision denying his motion requesting excerpts of grand jury testimony.
A brief history of this case is instructive.
On August 1, 2003, appellant was secretly indicted on charges of rape with a force specification and rape with an age specification in violation of R.C. 2907.02(A)(1)(b). The jury returned a verdict of guilty on all charges on February 6, 2004. On March 4, 2004, the court sentenced appellant to life imprisonment. Appellant's appeal for a new trial was denied by this court. State v. Parks, 7th Dist. No. 04 CO 19, 04 CA 803,2005-Ohio-6926, at ¶ 115.
Appellant subsequently filed a pro se motion for excerpts of grand jury testimony pursuant to Crim.R 6(E). On June 6, 2006, the trial court denied appellant's motion. Appellant filed a timely notice of appeal on July 5, 2006.
This court must first address whether the order appealed from constitutes a final and appealable order. Pursuant to R.C.2505.02(B), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it * * * affects a substantial right in an action that in effect determines the action and prevents a judgment." A substantial right means "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C.2505.02(A)(1). Thus, this court must determine whether the trial court's order denying appellant's motion for excerpts of grand jury testimony affects a substantial right in the action and, in fact, determines the action and prevents a judgment.
Crim.R. 6(E) provides:
"A grand juror, prosecuting attorney, interpreter, stenographer, operator of a recording device, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror, but may disclose such matters only when so directed by the court preliminary to or inconnection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." (Emphasis added).
The Supreme Court of Ohio has interpreted this rule to mean that the release of grand jury testimony "for use prior to orduring trial is within the discretion of the trial court." (Emphasis added). State v. Greer (1981), 66 Ohio St.2d 139,420 N.E.2d 982, paragraph one of the syllabus. The Court goes on to state that "[g]rand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either beforeor during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." Id. at paragraph two of the syllabus, citing State v. Patterson
(1971), 28 Ohio St.2d 181, 277 N.E.2d 201, paragraph three of the syllabus.
It is clear from this language that grand jury testimony may only be released at the discretion of the court for use prior toor during trial. In the case at bar, appellant is requesting that grand jury testimony be released after the trial has ended. There is no pending action wherein the grand jury testimony is needed to preserve a right guaranteed to the appellant by law. Therefore, appellant does not have a substantial right to the grand jury testimony. Thus, the trial court's post-trial decision to deny appellant's motion for excerpts of grand jury testimony is not a final appealable order as defined by R.C. 2505.02.
Accordingly, under the specific facts of this case this court does not have jurisdiction to review the judgment appealed.
Appeal is dismissed for lack of a final appealable order. Costs taxed against appellant.
Final order. Clerk to serve copies of this order on counsel or unrepresented party.
Donofrio, P.J., concurs.
Vukovich, J., concurs.
Waite, J., concurs.