OPINION
{¶ 1} James Elliot Pierce appeals a decision of the Montgomery County Court of Common Pleas which overruled his motion for a new trial filed on February 22, 2006.
 {¶ 2} On November 17, 2004, Pierce was indicted for aggravated murder, aggravated burglary, two counts of felonious assault, two counts of aggravated robbery, two counts of *Page 2 
kidnaping, and abduction. All counts were accompanied by firearm specifications. Pierce was also indicted for having a weapon under disability.
 {¶ 3} On February 6, 2006, after a jury trial, Pierce was found guilty of aggravated murder, aggravated burglary, two counts of felonious assault, two counts of aggravated robbery, and two counts of kidnaping. All counts included a firearm specification. With respect to the count for having a weapon under disability, Pierce waived his right to a jury trial and asked for a bench trial on the charge. The trial court subsequently found Pierce guilty of having a weapon under disability.
 {¶ 4} On February 22, 2006, the trial court sentenced Pierce to an aggregate sentence of fifty-one (51) years of imprisonment. On the day he was sentenced, Pierce filed a motion for new trial asserting newly discovered evidence. In a written decision issued on April 5, 2006, the trial court overruled Pierce's motion for a new trial. Pierce filed a timely notice of appeal with respect to the trial court's ruling on the motion for new trial on April 11, 2006.
 I {¶ 5} Pierce's first assignment of error is as follows:
 {¶ 6} "I. DEFENDANT IS ENTITLED TO A NEW TRIAL PURSUANT TO O.R.C 2945.79-831 BECAUSE THE TRIAL COURT ERRED IN CONVICTING AND SENTENCING DEFENDANT FOR MURDER, ROBBERY, AND KIDNAPING BASED ON THE REJECTION BY THE COURT OF NEWLY DISCOVERED EVIDENCE AS A MATTER OF LAW"
 {¶ 7} In his first assignment, Pierce contends that the trial court erred when it overruled his motion for new trial. In said motion, Pierce argued that Brian Miller, an inmate who was *Page 3 
housed in the Montgomery County Jail at the same time Pierce was incarcerated, could provide testimony which would point to someone other than Pierce being at the scene when the crimes allegedly took place. Specifically, Pierce asserts that Miller would testify that he had personally observed a dark-skinned black male at the location of the shooting. Pierce argues that Miller's testimony would provide further support for the defense's theory that someone other than Pierce murdered the victim. Pierce did not attach an affidavit from Miller to his motion for a new trial. In its written decision, the trial court concluded that "the evidence [against Pierce] was substantial; there was eyewitness, forensic, and circumstantial evidence. Even if there were testimony as suggested by the Defendant, it does not create a strong probability of a different result at trial." For the following reasons, the judgment of the trial court overruling Pierce's motion for new trial is affirmed.
 {¶ 8} A trial court's decision denying a request for a new trial is reviewed for an abuse of discretion. State v. Filiaggi (1999),86 Ohio St.3d 230, 237, 714 N.E.2d 867, 1999-Ohio-99. An abuse of discretion is more than an error of law or judgment. State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144. In order to constitute an abuse of discretion, the court's attitude must be unreasonable, arbitrary or unconscionable. Id. To warrant the granting of a new trial, the new evidence must, at the very least, disclose "`a strong probability that it will change the result if a new trial is granted,'" and must not be "`merely cumulative to former evidence.'" Id., quoting State v.Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus.
 {¶ 9} Additionally, we have held that a defendant is entitled to a hearing on his motion for new trial if he submits "documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence" at issue. State v. McConnell *Page 4 
(March 16, 2007), Montgomery App. No. 21684, 2007-Ohio-1181, citingState v. York (Feb. 18, 2000), Greene App. No. 99-CA-54, quotingState v. Wright (1990), 67 Ohio App.3d 827, 828, 588 N.E.2d 930; see also State v. Mitchell (Feb. 6, 2004), Montgomery App. No. 19816,2004-Ohio-459, ¶ 7-10 (finding affidavits sufficient to warrant a hearing on whether the defendant was unavoidably prevented from discovering the facts upon which his request for a new trial relied). As has already been mentioned, Pierce did not attach any affidavit testimony from either Miller or anyone else that would support a claim that he was unavoidably prevented from timely discovering the evidence he now asserts as a basis for his motion for a new trial. Thus, the trial court did not abuse its discretion when it denied Pierce's request for a hearing on his motion for new trial.
 {¶ 10} With respect to the motion for new trial, the only "newly discovered" evidence that Pierce brought before the trial court was the suspect testimony of another inmate at the Montgomery County Jail who allegedly saw a "dark-skinned black man with an afro" hair style at the scene of the murder who could have been the real perpetrator. Pierce contends that Miller's description of the unknown African-American male matches the description provided by defense witness Kristen Bruns, who testified at trial that she observed the same male at the scene of the shooting. Pierce asserts that Miller's testimony would "have given more credence" to the misidentification theory advanced by the defense at trial, thereby leading to Pierce's acquittal.
 {¶ 11} After a through review of the record and the arguments advanced by both parties, we hold that the trial court did not abuse its discretion when it overruled Pierce's motion for a new trial. Even if Miller's testimony were to be believed, it would be merely cumulative of the *Page 5 
testimony offered by Kristen Bruns. The fact that Miller would allegedly corroborate Bruns testimony that she saw a dark-skinned African-American male with an afro hair style outside the garage where the victim was murdered does not negate the bulk of the eye-witness testimony from the State's witnesses which placed Pierce at the crime scene and identified him as the shooter. Simply put, Miller's testimony does not exonerate Pierce. Rather, it merely identifies an African-American male at the scene of the crime whose description does not match that of Pierce. Just as the trial court found, such evidence would not establish "a strong probability that it will change the result if a new trial is granted."
 {¶ 12} Pierce's first assignment of error is overruled.
 II {¶ 13} Pierce's second and final assignment of error is as follows:
 {¶ 14} "DEFENDANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE"
 {¶ 15} In a decision and entry issued on May 30, 2006, we held that Pierce's notice of appeal that he filed on April 11, 2006 with respect to the February 28, 2006 termination entry issued by the trial court was untimely filed. We, therefore, granted the State's motion to dismiss Pierce's appeal from the February 28, 2006 termination entry. While Pierce's appeal of the trial court's denial of his motion for a new trial was found to be timely, his notice of appeal in regard to his actual conviction and subsequent sentence was untimely filed. Thus, Pierce's challenge to the manifest weight of the evidence is not properly before this Court and will not be considered.
 {¶ 16} Pierce's second assignment of error is overruled.
 III *Page 6 {¶ 17} All of Pierce's assignments of error having been overruled, the judgment of the trial court is affirmed.
 WOLFF, P. J. and BROGAN, J., concur. *Page 1