[Cite as *Kilroy v. Peters*, 2011-Ohio-3415.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

MICHAEL P. KILROY, et al.                    :

   Plaintiffs-Appellants              :          C.A. CASE NO.   24268

                                      :             T.C. NO.    07CV5170

WILLIAM PETERS, et al.                       :          (Civil appeal from
                                                            Common Pleas Court)
   Defendants-Appellees              :

                                      :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    8th    day of     July   , 2011.

. . . . . . . . . .

CHRISTOPHER R. CONARD, Atty. Reg. No. 0039751 and DAVID P. PIERCE, Atty. Reg. No. 0061972 and SASHA ALEXA M. VANDEGRIFT, Atty. Reg. No. 0080800, 33 W. First Street, Suite 600, Dayton, Ohio 45402
   Attorneys for Plaintiffs-Appellants, Michael P. Kilroy and Vickie Kilroy

DOUGLAS M. TROUT, Atty. Reg. No. 0072027, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
   Attorney for Defendants-Appellees, Jackson Township Trustees

. . . . . . . . . .

PER CURIAM:

{¶ 1}  Plaintiff-appellants Michael and Vickie Kilroy (hereinafter "the Kilroys") appeal a decision of the Montgomery County Court of Common Pleas, General Division, overruling their motion to enforce the settlement agreement and declaring

a settlement reached between the Kilroys and defendant-appellee Jackson Township Board of Trustees (hereinafter "the Trustees"). The Kilroys filed their motion to enforce the settlement agreement on March 12, 2010. The trial court filed its decision overruling said motion on August 23, 2010. The Kilroys filed a notice of appeal with this Court on September 22, 2010.

I

{¶ 2} The instant appeal began as a dispute regarding the removal of "offensive plants and noxious weeds" from the fence line running between property owned by the Kilroys and an adjoining piece of property owned by Timothy and Nicole Johnson. The properties in question are located in Jackson Township, Ohio.

{¶ 3} Pursuant to R.C. 971.33, the Kilroys requested that the Trustees clear the fence line or, in the alternative, direct the Johnsons to do so. After the Trustees failed to take any action, the Kilroys filed a complaint against the Trustees collectively, and in the board members' individual capacities on June 21, 2007. The Kilroys advanced the five following claims for relief in their complaint: 1)breach of contract; 2) declaratory judgment; 3) failure to perform a special duty; 4) tortious/intentional interference with a contract; and 5) civil conspiracy.[1]

{¶ 4} The case was referred to mediation in December of 2009. On January 6, 2010, the parties participated in court ordered mediation, but a

---

[1] Although they were initially named as defendants in the Kilroys' complaint, the Johnsons were dismissed from the case with prejudice on December 31, 2008, after both parties agreed to the Kilroys' purchase of the Johnsons' adjoining property.

settlement was not reached. After the unsuccessful attempt at mediation, the parties engaged in a series of communications aimed at ending the dispute. Specifically, the parties discussed the execution of an apology letter, as well as a monetary settlement from the Trustees, in order to end the litigation.

{¶ 5} Between January 11 & 14, 2010, the parties reached a tentative verbal agreement in which the Trustees agreed to sign an apology letter drafted by the Kilroys and their legal counsel. On January 15, 2010, the Kilroys' counsel contacted the trial court to report that the case had been settled. Between January 15 & 20, 2010, the parties exchanged communications regarding the final draft of the settlement agreement.

{¶ 6} On January 20, 2010, the Kilroys sent the Trustees a draft of the final written settlement agreement and dismissal entry memorializing the terms of the settlement. Shortly after receiving the draft, the Trustees sent a message indicating that they refused to sign the apology letter. The Trustees proposed several alternative apology letters containing different language. The Kilroys rejected all subsequent attempts to revise the language in the final draft of the apology letter, and the parties were left at an impasse.

{¶ 7} Thus, the Kilroys filed a motion to enforce the settlement agreement on March 12, 2010. The Trustees opposed the motion to enforce in a memorandum filed on May 10, 2010. On August 23, 2010, the trial court overruled the Kilroys' motion to enforce the settlement, but also held that a settlement had, in fact, been reached with respect to the financial portion of the agreement and ordered the Trustees to pay the Kilroys approximately $15,000.00. The trial court

also found that the Trustees had already apologized to the Kilroys several times such that it was unnecessary for the Trustees to sign the final draft of the apology letter sent by the Kilroys.

{¶ 8}   It is from this judgment that the Kilroys now appeal.

II

{¶ 9}   The Kilroys' assignments of error are as follows:

{¶ 10} "THE TRIAL COURT ERRED BY FINDING THAT THE TRUSTEES COULD NOT ENTER THE SETTLEMENT AGREEMENT WITHOUT HOLDING A PUBLIC VOTE."   "THE TRIAL COURT ERRED BY FINDING THAT A VALID SETTLEMENT EXISTED WITHOUT REQUIRING THE TRUSTEES TO SIGN THE PREVIOUSLY AGREED-TO APOLOGY LETTER."

{¶ 11} "IN THE ALTERNATIVE, IF A PUBLIC VOTE IS A CONDITION PRECEDENT TO THE TRUSTEES BEING BOUND TO THE SETTLEMENT, THEN THE TRIAL COURT ERRED BY ENFORCING ONLY THE MONETARY PORTION OF THE SETTLEMENT AND THIS CASE MUST BE REMANDED."

{¶ 12} Initially, we note that the trial court failed to include Civ. R. 54(B) language in its decision overruling the Kilroys' motion to enforce the settlement agreement.   Accordingly, there is a lack of a final appealable order, and we are left without jurisdiction to render a decision on the merits in the instant case.

{¶ 13} Ohio law provides that appellate courts have jurisdiction to review the final orders of inferior courts in their district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02.   If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss the appeal. *Stonehill v. Jones*,

Athens App. No. 09CA1, 2009-Ohio-6052. "In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then the appellate court must raise it sua sponte." *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, syllabus; *Whitaker-Merrell v. Geupel Co.* (1972), 29 Ohio St.2d 184. An order of a court is a final, appealable order only if the requirements of both R.C. 2505.02 and Civ. R. 54(B), if applicable are met. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d at 88.

{¶ 14} Under R.C. 2505.02(B)(1), an order is final order if it "affects a substantial right in an action that in effect determines the action and prevents the judgment." For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court. *State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, ¶ 20.

{¶ 15} Additionally, the rationale of Civ. R. 54(B) is "'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice created by the delay of appeals,' as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal." *Pokorny v. Tilby Dev. Co.* (1977), 52 Ohio St.2d 183, 186. Absent the mandatory language "no just reason for delay," an order that does not dispose of all claims is not final and appealable. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96.

{¶ 16} In the instant case, the trial court notified the parties in an entry filed on August 23, 2010, that "pursuant to Ohio Civil Rule 58(B) *** a judgment has been filed *that may be a final appealable order."* The entry in this case simply

informed the parties that a final appealable order *may* have been issued. The decision of August 23, 2010, did not refer to Civ. R. 54(B) and did not cite any language from the rule. Accordingly, we hold that the trial court's judgment entry issued on August 23, 2010, is not a final appealable order, and the appeal is dismissed.

. . . . . . . . . .

GRADY, P.J., DONOVAN, J., FROELICH, J., concur.

Copies mailed to:

Christopher R. Conard
David P. Pierce
Sasha Alexa M. VanDeGrift
Douglas M. Trout
Hon. Dennis Adkins, Judge