[Cite as *State v. Hatton*, 2013-Ohio-475.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No.   11CA23 |
| vs. | : | |
| MARTIN L. HATTON, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Christopher J. Pagan, Repper, Pagan, Cook, Ltd., 1501 First
                          Avenue, Middletown, Ohio 45044[1]

COUNSEL FOR APPELLEE:      Judy C. Wolford, Pickaway County Prosecuting Attorney,
                          and Jayme Hartley Fountain, Pickaway County Assistant
                          Prosecuting Attorney, 203 South Scioto Street. P.O. Box
                          910, Circleville, Ohio 43113

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-8-13
ABELE, J.

{¶ 1}   This is an appeal from a Pickaway County Common Pleas Court judgment that

denied a motion by Martin L. Hatton, defendant below and appellant herein, for leave to file a

motion for new trial.   Appellant assigns the following error for review:[2]

---

[1] Appellant represented himself during the trial court proceedings.

[2] Appellant's brief does not contain a separate statement of the assignments of error as App.R. 16(A)(3 requires. Consequently, we take the assignments of error from the table of contents set forth in appellant's brief.

"THE TRIAL COURT ERRED IN FAILING TO GRANT
HATTON LEAVE TO FILE A MOTION FOR A NEW TRIAL."

{¶ 2} In 1997, appellant was convicted of (1) aggravated burglary in violation of R.C. 2911.11; (2) kidnaping in violation of R.C. 2905.01; (3) felonious assault in violation of R.C. 2903.11; (4) rape in violation of R.C. 2907.02, and (5) theft in violation of R.C. 2913.02. The trial court ordered the sentences to be served consecutively for a cumulative total of thirty-nine years in prison. In 1999, we affirmed the trial court's judgment. See *State v. Hatton*, 4th Dist. No. 97CA34, 1999WL253450 (Apr. 19, 1999). (*Hatton I*). Appellant has also come before this court on several other occasions.[3]

{¶ 3} Appellant commenced the case sub judice on August 10, 2011 with a motion for leave of court to file a delayed motion for new trial. The basis for appellant's motion is "newly discovered evidence" in letters written by a co-conspirator, Ricky Dunn. As we noted in *Hatton I*, the victim of the crime, and the person who had the most contact with the offenders during the commission of the crimes, could not identify appellant in a lineup. Furthermore, in overruling appellant's argument in *Hatton I* that his conviction is against the manifest weight of the evidence, we stated that "Dunn's testimony placed appellant at the scene." Id. In the "newly discovered" letters, however, Dunn exonerates appellant and also relates that a detective "threatened" him and caused him to "make false statements" against appellant.

{¶ 4} The State filed a memorandum contra and argued, inter alia, that (1) the letters

---

[3] See *State v. Hatton*, 4th Dist. No. 11CA21, 2012-Ohio-2019 (affirming denial of motion to vacate conviction/sentence); *State v. Hatton*, 4th Dist. No. 09CA4, 2010-Ohio-1245 (affirming denial of motion for postconviction DNA testing); *State v. Hatton*, 4th Dist. No. 06CA35, 2007-Ohio-3725 (affirming denial of petition for postconviction relief); *State v. Hatton*, 4th Dist. No. No. 05CA38, 2006-Ohio-5121 (affirming denial of request for DNA testing); *State v. Hatton*, 4th Dist. No. 00CA10, 2000 WL 1152236 (Aug. 4, 2000) (affirming dismissal of petition for postconviction relief.)

were dated nearly two years before appellant filed his motion, and (2) no affidavit from Dunn exists to show that he is the actual author of the letters.   Appellant's reply included Dunn's affidavit that he indeed made "false statements" regarding appellant's involvement.   The reply also included an affidavit from Carrie Wood, a staff attorney for the Ohio Innocence Project (OIP), who related that (1) Ricky Dunn sent the letters to her organization, (2) she visited Dunn in prison and he confirmed the substance of the information in the letters, and (3) after her organization withdrew from representing appellant, she sent the letters directly to him.[4]

{¶ 5}   On November 30, 2011, the trial court denied appellant's motion.   Although appellant did not receive the Dunn letters until December 2010, the court held that he was, at the least, aware of the letters as early as August 2010.   Because appellant waited almost a year later to file his motion for a new trial, the court reasoned, appellant did not make the motion "within a reasonable time after discovering the evidence on which he relies."   The court thus denied appellant's motion for leave and this appeal followed.

{¶ 6}   Appellant asserts in his sole assignment of error that the trial court erred by denying him leave to file an untimely motion for new trial.   Our analysis begins with a recitation of the standard of review.

{¶ 7}   Decisions on motions for leave to file a motion for new trial are generally left to a trial court's sound discretion, and those decisions will not be reversed absent an abuse of that discretion.   *State v. Pinkerman*, 88 Ohio App.3d 158, 160, 623 N.E.2d 643 (4th Dist. 1993)*State v. Clumm*, 4th Dist. No.   08CA32, 2010-Ohio-342, at ¶14.   Generally, an "abuse of discretion" is

---

[4]  The affiant further attested that OIP withdrew from representing appellant for "reasons unrelated to the substance of the investigation and possible litigation."

more than an error of law or judgment; rather, it implies that a court's attitude is unreasonable, arbitrary or unconscionable. *State v. Herring*, 94 Ohio St.3d 246, 255, 762 N.E.2d 940 (2002); *State v. Adams*, 60 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶ 8} The Ohio Rules of Criminal Procedure provide that a motion for new trial may be made on several grounds including, inter alia, "newly discovered evidence." Crim.R. 33(A)(6). The time period for filing the motion is as follows:

> "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered . . . If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an of the court finding he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Id. at (B).

{¶ 9} Because appellant's conviction occurred in 1997, his motion exceeded the Crim.R. 33(B) time limit. Consequently, appellant had to seek leave to file his motion. See State v. Taylor, 2nd Dist. No. 23916, 2011-Ohio-2563, at ¶18; State v. Stewart, 4th Dist. No. 02CA29, 2003-Ohio-4850, at ¶12. Appellant did seek leave, but the trial court denied the request. Appellant asserts that this decision is erroneous and, for the following reasons, we agree.

{¶ 10} First, we agree with appellant that our decision in *Pinkerman*, supra, is dispositive. In *Pinkerman*, we noted that no time limit exists for filing a motion for leave of court to file a new trial motion. 88 Ohio App.3d at 161. "The rule instead merely states that the trial court may not grant the motion for leave unless the trial court finds that the defendant was

unavoidably prevented from discovering the new evidence within one hundred and twenty days

from the day the jury render the verdict." Id.   In the case at bar, the trial court stated as follows in

its judgment that denied leave:

> "The Court finds that <u>Defendant was unavoidably prevented from discovering the</u>
> <u>evidence</u> he is presenting to support a motion for new trial.   Even if Defendant
> knew or believed that Ricky Dunn's statements were false, he would have had no
> reason to suspect that Dunn would recant his statements and "tell the truth."
> (Emphasis added.)"

Thus, the trial court found that appellant was unavoidably prevented from discovering this new

evidence.   This is the only requirement in *Pinkerman* necessary to grant leave to file out of rule.

Consistent with *Pinkerman*, we believe that the trial court should have granted appellant leave.

{¶ 11} The State counters that *Pinkerman* should not apply because even if no time limit exists for filing a motion for leave, appellant should not be permitted to sit on newly discovered evidence, then "file such a motion months or years after the evidence was brought to the defendant's attention." This is apparently the basis upon which the trial court adopted a "reasonableness" standard, holding, in essence, that appellant waited an unreasonable amount of time before he requested leave. Although some appellate districts have adopted this standard, this view is not consistent with *Pinkerman*. Further, the State did not cite any authority to show the standard in this District has been altered in any manner since *Pinkerman*.

{¶ 12} At this juncture, we need not, and do not, determine whether to adopt such a standard in this case. First, the time frame at issue here and in *Pinkerman* are so close that we agree with appellant that *Pinkerman* is dispositive. The Pinkerman facts include: (1) On October 15, 1990, the appellant filed a motion for new trial that contained an affidavit from another prisoner that he committed a murder rather than appellant; (2) On January 24, 1991, appellant sought, and was granted, leave to dismiss his motion on grounds that he was unaware that he was required to first seek leave of court; (3) On August 5, 1991, nearly eight months after the dismissal of his first motion, appellant filed a motion for leave of court. 88 Ohio App.3d at 159. In the case at bar, the Wood affidavit indicates that the Dunn letters were mailed to appellant on December 7, 2010. Appellant then filed his request for leave on August 10, 2011. This eight month interval is similar to the *Pinkerman* time frame. We recognize that both the State and the trial court added four additional months to the time frame because OIP had made appellant aware that it had "new information provided by Dunn." However, we find no indication that appellant knew the content of the information, and, even if he did, it is not

unreasonable for appellant to believe that his OIP counsel would act in his best interest.

{¶ 13} For these reasons, we see no reason to depart from *Pinkerman* to address a hypothetical situation (that a defendant may sit on evidence for an unreasonable period of time without taking action).   In view of the facts present in the case sub judice, we adhere to *Pinkerman* and sustain appellant's assignment of error.

{¶ 14} Accordingly, we hereby reverse the trial court's judgment and direct the trial court to grant appellant leave to file his new trial motion.[5]

JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

Kline, J., dissenting.

{¶ 15} I respectfully dissent.   Here, I would affirm the trial court's judgment and hold that a "'trial court may require a defendant to file his motion for leave to file within a reasonable time after he discovers the evidence.'"   *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 18, quoting *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 37. Many Ohio courts have adopted this approach.   *See State v. Wilson*, 7th Dist. No. 11 MA 92, 2012-Ohio-1505, ¶ 57.   I agree with these courts, and I believe that we should abandon the holding of *State v. Pinkerman*, 88 Ohio App.3d 158, 623 N.E.2d 643 (1993).

{¶ 16} Furthermore, I find the following reasoning to be persuasive:

---

[5] We emphasize that our decision and judgment should not be construed in any manner as a comment on the merits of appellant's motion for a new trial.

"Without some standard of reasonableness in filing a motion for leave to file a motion for new trial, a defendant could wait before filing his motion in the hope that witnesses would be unavailable or no longer remember the events clearly, if at all, or that evidence might disappear. The burden to the state to retry the case might be too great with the passage of time. A defendant may not bide his time in the hope of receiving a new trial at which most of the evidence against him is no longer available." *Berry* at ¶ 39, quoting *State v. Stansberry*, 8th Dist. No. 71004, 1997 WL 626063, *3 (Oct. 9, 1997).

I agree with this general analysis, and I believe that we should adopt a standard of reasonableness in the Fourth Appellate District.

{¶ 17} Accordingly, I respectfully dissent.

JUDGMENT ENTRY

It is ordered that the judgment be reversed and the case be remanded for further

proceedings consistent with this opinion.   Appellant shall recover of appellee the costs herein

taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

McFarland, P.J.: Concurs in Judgment & Opinion
Kline, J.: Dissents with Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## **<u>NOTICE TO COUNSEL</u>**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.