[Cite as *State v. Pierce*, 2013-Ohio-1372.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                               :

    Plaintiff-Appellee                    :        C.A. CASE NO.     25199

v.                                          :        T.C. NO.     04CR2747/1

JAMES E. PIERCE                             :         (Criminal appeal from
                                    Common Pleas Court)

    Defendant-Appellant                   :

                                            :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    5th    day of     April     , 2013.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JEFFREY M. BRANDT, Atty. Reg. No. 0065475, 629 Main Street, Suite B, Covington, KY 41011
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant James E. Pierce appeals from a decision of the

Montgomery County Court of Common Pleas, General Division, overruling his pro se motion requesting the production of the grand jury transcripts relating to his initial conviction and sentence. Pierce filed his motion on February 14, 2011. The trial court issued its decision overruling Pierce's motion on April 17, 2012. Pierce filed a timely notice of appeal with this Court on May 17, 2012.

{¶ 2}    We set forth the history of the case in *State v. Pierce*, 2d Dist. Montgomery No. 21561, 2007-Ohio-1749 (hereinafter *Pierce I*), and repeat it herein in pertinent part:

On November 17, 2004, Pierce was indicted for aggravated murder, aggravated burglary, two counts of felonious assault, two counts of aggravated robbery, two counts of kidnaping, and abduction. All counts were accompanied by firearm specifications. Pierce was also indicted for having a weapon under disability.

On February 6, 2006, after a jury trial, Pierce was found guilty of aggravated murder, aggravated burglary, two counts of felonious assault, two counts of aggravated robbery, and two counts of kidnaping.[1] All counts included a firearm specification. With respect to the count for having a weapon under disability, Pierce waived his right to a jury trial and asked for a bench trial on the charge. The trial court subsequently found Pierce guilty of having a weapon under disability.

---

[1] On the first day of Pierce's jury trial, the State dismissed the abduction charge from the indictment.

On February 22, 2006, the trial court sentenced Pierce to an aggregate sentence of fifty-one (51) years of imprisonment. On the day he was sentenced, Pierce filed a motion for new trial asserting newly discovered evidence. In a written decision issued on April 5, 2006, the trial court overruled Pierce's motion for a new trial. Pierce filed a timely notice of appeal with respect to the trial court's ruling on the motion for new trial on April 11, 2006.[2]

{¶ 3} On appeal, Pierce argued that he was entitled to new trial because he had located a witness who would testify that he had personally observed a dark-skinned black male at the location where the offenses occurred. Pierce asserted that the witness' testimony would provide further support for the defense's theory that someone other than Pierce murdered the victim. On April 13, 2007, we issued our decision in *Pierce I* affirming the judgment of the trial court. Therein, we found that the witness' testimony did not exonerate Pierce, but merely identified an African-American male at the scene of the crime whose description did not match that of Pierce. Thus, we found that such evidence did not establish "a strong probability that it [would] change the result if a new trial [was] granted."

{¶ 4} On February 14, 2011, Pierce filed his pro se motion for the transcripts of the grand jury proceedings. In his motion, Pierce argued that he needed the transcripts for a future petition for post-conviction relief or a motion for a new trial regarding his belief that

---

[2]The record also reflects that the trial court filed its termination entry on February 28, 2006, regarding Pierce's conviction and sentence. Pierce's trial counsel, however, did not file a notice of appeal from the termination entry until April 11, 2006. We subsequently dismissed the appeal as being untimely filed.

Christopher Hoskins provided false testimony under oath to the grand jury which led to Pierce being falsely charged with abduction in the first count of the indictment. Pierce contends that because the first count was allegedly based on false testimony, it is possible that the other nine counts were based on perjured testimony, thus requiring dismissal of his entire indictment.

{¶ 5} As previously noted, however, the trial court overruled Pierce's motion for the transcripts of the grand jury proceedings in a decision filed on April 17, 2012. Specifically, the trial court found that although Pierce claimed he desired to file a petition for post-conviction relief, he had not done so at any point. The trial court further found that Pierce's allegations regarding Hoskins' role in the series of events leading to his indictment was undermined by the record. Lastly, the trial court found that Pierce failed to establish that he had a "particularized need" for the transcripts of the grand jury proceedings.

{¶ 6} It is from this judgment that Pierce now appeals.

{¶ 7} Because they are interrelated, Pierce's first and second assignments of error will be discussed as follows:

{¶ 8} "THE TRIAL COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING AS TO MR. PIERCE'S MOTION FOR GRAND JURY TRANSCRIPTS, AS THE MATERIAL FACTS WERE DISPUTED, AND ONE CREDIBLE VERSION OF THE FACTS DEMONSTRATED A PARTICULARIZED NEED FOR THE GRAND JURY TRANSCRIPTS."

{¶ 9} "EVEN IF NO EVIDENTIARY HEARING WERE REQUIRED, THE TRIAL COURT ERRED IN DENYING THE MOTION FOR TRANSCRIPTS, AS THE

TRANSCRIPTS MAY DISCLOSE THAT THE ENTIRE GRAND JURY PROCEEDINGS WERE TAINTED BY THE FALSE CLAIMS THAT MR. PIERCE ABDUCTED HOSKINS."

{¶ 10} In his first assignment, Pierce argues that the trial court erred when it failed to hold an evidentiary hearing with respect to Pierce's motion for the grand jury transcripts. In the alternative, Pierce contends that even if the trial court did not err by failing to hold a hearing, the court erred when it summarily overruled his motion for the transcripts of the grand jury proceedings. Specifically, Pierce alleges that because the first count of the indictment was allegedly based on false testimony and dismissed prior to trial, it is possible that the other nine counts were based on perjured testimony, thus requiring dismissal of his entire indictment.

{¶ 11} Initially, we must address whether the decision Pierce appeals from is, in fact, a final, appealable order. Ohio law provides that appellate courts have jurisdiction to review the final orders of inferior courts in their district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss the appeal. *Kilroy v. Peters*, 2d Dist. Montgomery No. 24268. 2011-Ohio-3415.

{¶ 12} Pursuant to R.C. 2505.02(B), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it *** affects a substantial right in an action that in effect determines the action and prevents a judgment." A substantial right is defined as "a right that the United States Constitution, the Oho Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or

protect." R.C. 2505.02(A)(1). Accordingly, we must determine whether the trial court's order overruling Pierce's motion for the transcripts of the grand jury proceedings affects a substantial right in the action, and thereby determines the action and prevents a judgment. *State v. Parks*, 7th Dist. Columbiana No. 06-CO-40, 2006-Ohio-4604.

{¶ 13} Crim.R. 6(E) provides, in part:

A grand juror, prosecuting attorney, interpreter, stenographer, operator of a recording devise, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror, but may disclose such matters only when so directed by the court *preliminarily to or in connection with a judicial proceeding*, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.

{¶ 14} "Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it, and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), ¶ 2 of the syllabus. In *Greer*, the Supreme Court of Ohio further interpreted Crim.R. 6(E) to state that the release of grand jury testimony "*for use prior to or during trial* is within the discretion of the trial court." *Id*.

{¶ 15} Pierce points out that the Ohio Supreme Court's decision in *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 639 N.E.2d 83 (1994), which held that an order

denying a request for discovery is *not* a final appealable order, has since been superseded by several amendments to R.C. 2505.02, the statute which governs final orders. We note that Pierce argues that his motion for the transcripts of the grand jury proceedings is a "provisional remedy," and is, therefore, a final appealable order pursuant to R.C. 2505.02(B)(4). A provisional remedy "means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, *discovery of a privileged matter,* [or] suppression of evidence ***." R.C. 2505.02(A)(3). Because Pierce ostensibly seeks "discovery of a privileged matter" in the form of the transcripts of the grand jury proceedings, he argues that the trial court's decision overruling his motion is a final appealable order.

{¶ 16} However, Pierce's motion requesting the release of the grand jury transcripts is not a "provisional remedy" as defined by R.C. 2505.02(A)(3). Simply put, Pierce's motion is not ancillary to any action or court proceeding currently in existence. Although Pierce asserts that he plans to file a petition for post-conviction relief in the future (the basis of which would be the grand jury transcripts), the record establishes that no petition has been filed.

{¶ 17} Upon review, we conclude that transcripts from grand jury proceedings may only be released at the discretion of the court for use *prior to or during trial*. *State v. Parks*, 2006-Ohio-4604. In the instant case, Pierce is requesting that the transcripts of the grand jury proceedings be released well after the trial has ended. "There is no pending action wherein the grand jury testimony is needed to preserve a right guaranteed to [Pierce] by law." *Id*. Accordingly, we find that Pierce does not have a substantial right to the

transcripts of the grand jury proceedings. As previously noted, Pierce's motion is not a "provisional remedy" as defined by R.C. 2505.02(A)(3). Further, we find that the trial court's post-trial decision overruling Pierce's motion for the transcripts of the grand jury proceedings is not a final appealable order pursuant to R.C. 2505.02.

{¶ 18} Thus, we are without jurisdiction to review the trial court's decision, and the instant appeal is dismissed for lack of a final appealable order.

. . . . . . . . . .

FAIN, P.J. and WELBAUM, J., concur.


Copies mailed to:

Kirsten A. Brandt
Jeffrey M. Brandt
Hon. Barbara P. Gorman