[Cite as *State v. Pierce*, 2025-Ohio-1812.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30276 |
| | : | |
| v. | : | Trial Court Case No. 2004 CR 02747/1 |
| | : | |
| JAMES ELLIOTT PIERCE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 21, 2025

. . . . . . . . . . .

JAMES ELLIOTT PIERCE, Pro Se Appellant

MATHIAS H. HECK, JR., by SARAH H. CHANEY, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant James Elliott Pierce appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his "motion to proceed to trial." For the reasons that follow, the judgment of the trial court will be affirmed.

I.        **Facts and Procedural History**

{¶ 2} In November 2004, Pierce was indicted on one count of aggravated murder; one count of aggravated burglary; one count of abduction; two counts of aggravated robbery; two counts of felonious assault; one count of having a weapon while under disability; and two counts of kidnapping. All the charges, other than abduction and having a weapon while under disability, included firearm specifications. At the State's request, the trial court entered a nolle prosequi of the abduction charge before trial.

{¶ 3} After a jury trial in early 2006, Pierce was found guilty of aggravated murder, aggravated burglary, two counts of felonious assault, two counts of aggravated robbery, and two counts of kidnapping. All counts included a firearm specification. The trial court found him guilty of having a weapon while under disability after a bench trial. Pierce was sentenced to an aggregate term of 51 years to life in prison.

{¶ 4} Immediately following his disposition, Pierce filed a motion for a new trial, citing newly discovered evidence. The court denied Pierce's motion in a decision filed on April 5, 2006, and six days later, Pierce appealed that decision to this Court. He claimed that the trial court improperly disregarded newly discovered evidence (that he had located a new witness who would testify that a different person was at the scene of the crime) when it overruled his motion, and in the alternative, that his convictions were against the manifest weight of the evidence. We affirmed the trial court's judgment. *State v. Pierce*, 2007-Ohio-1749 (2d Dist.).

{¶ 5} In February 2011, Pierce filed a pro se motion for the transcripts of the grand jury proceedings. He argued that he needed the transcripts for a future petition for postconviction relief or a motion for a new trial regarding his belief that a witness provided

false testimony under oath to the grand jury, which led to his being falsely charged with abduction in the first count of the indictment. Pierce believed that because the first count was allegedly based on false testimony, the other nine counts could have been, too, thus requiring dismissal of his entire indictment. The trial court overruled his motion on jurisdictional grounds, and we affirmed. *State v. Pierce*, 2013-Ohio-1372 (2d Dist.).

{¶ 6} On June 11, 2013, Pierce filed a notice of appeal (Montgomery C.A. No. 25793) from the trial court's original judgment entry of February 28, 2006, and he simultaneously requested leave for a delayed appeal under App.R. 5(A). We overruled the motion for leave and dismissed the case.

{¶ 7} Between 2015 and 2016, Pierce filed several new motions, including a motion for resentencing under Crim.R. 52(B), a motion for a modification of the order directing him to pay costs, and a motion for resentencing pursuant to R.C. 2967.28. The trial court overruled the motions, and we affirmed. *State v. Pierce*, 2017-Ohio-9058 (2d Dist.).

{¶ 8} On July 16, 2020, Pierce filed a "motion to vacate judgment and provide a final appealable order." He argued, essentially, that the 2006 nolle prosequi of the abduction charge was invalid and a nullity and should be vacated. The trial court overruled Pierce's motion on timeliness and res judicata grounds.

{¶ 9} Most recently, on August 2, 2024, Pierce filed a "motion to proceed to trial." He asserted that the abduction charge that was not prosecuted by the State in 2006 was "never properly disposed of by the Court at [his] trial" and should be "properly addressed by the Court." He argued that "there was no mention or request for leave to nolle any

charge ever filed or made by the prosecution or served on the defense, nor were any noted on the docket." He did not think the January 30, 2006 entry – which stated, "At the request of the Prosecuting Attorney and for good cause shown, a nolle prosequi of Count One of the indictment ONLY (abduction charge), is entered herein by ORDER of the Court on January 30, 2006" – was sufficient. The trial court denied Pierce's motion, citing res judicata.

{¶ 10} Pierce has filed a timely appeal.

## II.    Nolle Prosequi & Res Judicata

{¶ 11} While Pierce's pro se brief does not have any assignments of error, he ostensibly takes issue with the nolle prosequi of his abduction charge, journalized by the trial court on January 30, 2006. His argument seems to be that because (in his view) the nolle prosequi of the abduction count was invalid, it rendered the trial court's entire judgment void. We disagree.

{¶ 12} Black's Law Dictionary defines "nolle prosequi" as "a legal notice that a lawsuit or prosecution has been abandoned." *Black's Law Dictionary* (12th ed. 2024). It is a "formal entry on the record by the prosecuting officer by which he declares that he will not prosecute the case further, either as to some of the counts of the indictment, or as to part of a divisible count, or as to some of the persons accused, or altogether. It is a judicial determination in favor of accused and against his conviction, but it is not an acquittal, nor is it equivalent to a pardon." 22A C.J.S. *Criminal Law* § 419, at 1 (1989). The Ohio Revised Code requires that the prosecutor enter the nolle prosequi with leave of the court, in open court, after showing good cause. R.C. 2941.33. A nolle prosequi

entered contrary to that section is invalid. *Id.*

{¶ 13} Pierce argues that there is no evidence the State complied with the R.C. 2941.33 requirements that the request for a nolle prosequi be made in open court, with leave of the court, and for good cause shown. Based on the limited record before us, we can affirmatively say that at least two of the three requirements were met. The court's entry states: "At the request of the Prosecuting Attorney and for good cause shown, a nolle prosequi of Count One of the indictment ONLY (Abduction charge), is entered herein by ORDER of the Court on January 30, 2006." As to the third requirement, that the nolle prosequi be entered in open court, Pierce has not supported his argument with either a transcript or any alternative form of the record permitted by App.R. 9, and because of that, "we must presume the regularity of the proceedings and the validity of the trial court's rulings." *State v. Erickson*, 2014-Ohio-1536, ¶ 10 (2d Dist.), citing *City of Columbus v. McCash,* 2012-Ohio-3167, ¶ 17 (10th Dist.).

{¶ 14} Even if that were not the case, Pierce's argument would be barred by res judicata. "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Reed*, 2015-Ohio-3051, ¶ 26 (2d Dist.), quoting *State v. Collins*, 2013-Ohio-3645, ¶ 9 (2d Dist.). *Accord State v. Hatton*, 2013-Ohio-475, ¶ 16 (4th Dist.) ("[R]es judicata bars a motion for a new trial when the movant raised, or could have raised, that issue, in a prior action."). "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by

preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 2006-Ohio-1245, ¶ 18.

{¶ 15} In this case, Pierce's nolle prosequi issue was known before his trial began; it could have and should have been raised on direct appeal (though we note he did not file one in a timely manner). However, even though this issue *could* have been raised in a direct appeal, it *was* raised in 2020.

{¶ 16} On July 16, 2020, Pierce filed a "motion to vacate judgment and provide a final appealable order" with the trial court. That motion centered around the same issues he raises now – that the nolle prosequi was improper for a variety of reasons. The trial court, on November 12, 2020, rejected that argument on res judicata grounds. He then "re-packaged" the same arguments in his August 2, 2024 motion that is the genesis of this appeal. The trial court again held that Pierce was aware of this issue before his trial and could/should have raised it then; because he did not, res judicata bars it from being raised now.

{¶ 17} We agree with the trial court's conclusion. Not only could the arguments have been raised on direct appeal, they *were* raised in 2020 and rejected. They are therefore barred by res judicata. Pierce's assignments of error (to the extent there are any) are overruled.

III.    **Conclusion**

{¶ 18} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HANSEMAN, J., concur.