OPINION
{¶ 1} Defendant-Appellant Layrue Mitchell appeals from the denial of his motion for a new trial and his petition for post-conviction relief without an evidentiary hearing. He advances three assignments of error. First, Mitchell argues that the trial court erred in dismissing his petition after an evidentiary hearing was scheduled, but before the hearing was actually held. Second, he insists that the trial court erred in finding that it had no authority to extend the time allowed for the filing of a motion for a new trial pursuant to Crim.R. 45(B)(2). Finally, Mitchell claims that the trial court erred in rejecting his claim that he was unavoidably prevented from discovering the new evidence that was the basis of both his motion for a new trial and his petition for post-conviction relief.
 {¶ 2} Because we conclude that the trial court should not have dismissed Mitchell's petition and motion without first holding an evidentiary hearing, we sustain his third assignment of error. The judgment of the trial court is Reversed, and this cause is Remanded for an evidentiary hearing.
 I {¶ 3} Mitchell was convicted by a jury of two counts of felonious assault, and he was sentenced to consecutive five-year sentences for each count. Both counts were predicated upon an incident in which Mitchell used a bar bell to assist two other men in beating a married couple. Mitchell appealed, and we affirmed his convictions. State v. Mitchell (Oct. 19, 2001), Montgomery App. No. 18738.
 {¶ 4} More than a year later, on November 22, 2002, Mitchell filed a petition for post-conviction relief and a motion for a new trial. The State filed both an answer and a motion to dismiss. The trial court orally scheduled an evidentiary hearing for March 7, 2003. Nevertheless, later concluding that both Mitchell's petition and his motion were untimely filed, the trial court granted the State's motion to dismiss on February 19, 2003, before the hearing could take place. Mitchell filed a timely notice of appeal.
 II {¶ 5} Mitchell's third assignment of error:
 {¶ 6} "The trial court erred in finding that the appellant was not unavoidably prevented from discovering the new evidence that was the basis of his petition for post-conviction relief and motion for a new trial."
 {¶ 7} In his third assignment of error, Mitchell claims that the trial court should not have dismissed his motion or his petition without first holding a hearing to determine whether he was unavoidably prevented from discovering the new evidence that was the basis of both of those filings. We agree.
 {¶ 8} Pursuant to R.C. § 2953.23(A), a defendant may file an untimely petition for post-conviction relief if he was unavoidably prevented from discovering the facts upon which he relies to present his claim. When the petition, the supporting affidavits, and the trial court record reveal that there are substantive grounds for relief that would warrant a hearing, a hearing must be held. State v. Strutten (1988),62 Ohio App.3d 248, 251, 575 N.E.2d 466, citing State v. Jackson (1980),64 Ohio St.2d 107, 110, 413 N.E.2d 819. Similarly, when filing a motion for a new trial, a defendant must demonstrate that he was unavoidably prevented from discovering the facts upon which he relies before a hearing is granted. See, e.g., State v. King
(June 11, 1993), Clark App. No. 2959.
 {¶ 9} In this case Mitchell attempted to meet his burden by presenting the trial court with affidavits from Marlene Miller, Sara Luers, and himself. Mitchell claimed that Miller would have testified that she saw the fight, but she did not see Mitchell hit either victim with a bar bell, and she did not see State's eyewitness Robert Hyland at the scene of the crimes. However, rather than put Miller on the stand, defense counsel sent her home without Mitchell's knowledge or consent. Mitchell further explained that Luer's testimony could have seriously impeached the credibility of one of the victims who supposedly has previously been willing to pay for a statement in his favor on another occasion.
 {¶ 10} It is significant to note that this evidence is not cumulative of evidence that was presented at trial. In fact, had Miller been called to the stand rather than sent home, she would have been the only witness called on Mitchell's behalf. In our view, the affidavits were sufficient to warrant a hearing in order to determine whether Mitchell was unavoidably prevented from discovering the facts upon which he relied in both his petition for post-conviction relief and in his motion for a new trial. Accordingly, we must Reverse the judgment of the trial court and Remand this matter to the trial court for an evidentiary hearing.
 III {¶ 11} Mitchell's first assignment of error:
 {¶ 12} "The trial court erred in dismissing the appellant's post-conviction relief petition after an evidentiary hearing was scheduled."
 {¶ 13} This assignment of error is rendered moot by our decision sustaining Mitchell's third assignment of error. Therefore, we decline to review it. App.R. 12(A)(1)(c).
 {¶ 14} Mitchell's second assignment of error:
 {¶ 15} "The trial court erred in finding that it had no authority to extend the time for filing a motion for a new trial pursuant to Crim.R. 45(B)(2)."
 {¶ 16} The trial court denied the Crim.R. 33(A)(6) motion for a new trial that Mitchell filed on grounds of newly-discovered evidence. The court found that the motion was not timely filed, and that the court lacks authority to extend the one hundred twenty day time limit for filing the motion to permit it to be filed late. The court specifically held that Crim.R. 45(B)(2) does not authorize such an extension.
 {¶ 17} Crim.R. 33(B)(2) provides that motions for new trial on grounds of newly-discovered evidence must be filed within one hundred twenty days after the verdict, but allows a motion to be filed after that time when "it is made to appear by clear and convincing evidence that the defendant was unavoidably prevented from the discovery of the evidence." Then, the motion for new trial "shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 18} Crim.R. 45(B)(2) applies generally and authorizes the court to permit an act to be done after a period of time prescribed for its performance has expired "if the failure to act on time was the result of excusable neglect or would result in injustice to the defendant." Necessarily, the court must make one of those predicate findings before it grants the relief the rule authorizes. Those findings involve a lesser burden of proof than the findings on which Crim.R. 33(B)(2) authorizes the court to permit a motion for new trial to be filed late. Therefore, we agree with the trial court that Crim.R. 45(B)(2) cannot be used to extend the time within which a Crim.R. 33(A)(6) motion must be filed.
 {¶ 19} However, we do not agree that the trial court is prevented from granting relief on Mitchell's motion for new trial because the one hundred twenty day filing period has passed. Mitchell may file the motion if the court first finds by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence within the one hundred twenty day period. Crim.R. 33(B). He then must file the motion within seven days after an order of the court so finding. Id. The opportunity that Crim.R. 33(B) affords a defendant requires the court to consider and rule on a defendant's request to file late when reasons justifying the delay are presented in a supporting affidavit. Facts alleged in the affidavit must be accepted as true when passing on their sufficiency. Further, "the trial court (cannot) properly discredit the affidavit on its face and deny the motion without a hearing, at least in the absence of internal inconsistencies in the affidavit sufficient to destroy its credibility on its face." State v. Wright (1990),67 Ohio App.3d 827, 831.
 {¶ 20} Mitchell was entitled to a hearing on his request to file late, for reasons we discussed in ruling on the third assignment of error. The trial court erred when it overruled the motion for new trial and denied the relief Mitchell sought, absent a hearing.
 {¶ 21} The second assignment of error is sustained.
 IV. {¶ 22} Having sustained Mitchell's second and third assignments of error, the orders from which this appeal was taken will be reversed and the case will be remanded for further proceedings consistent with this opinion.
Wolff, J. and Grady, J., concur.