[Cite as *State v. Mango*, 2014-Ohio-2768.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100490**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JUBRELL MANGO

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-572858

**BEFORE:** Rocco, P.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 26, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuuahoga County Public Defender
By:   Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Edward R. Fadel
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, P.J.:

{¶1} Defendant-appellant Jubrell Mango appeals from the trial court order that denied her motion for a new trial made after she was convicted of felonious assault and domestic violence.

{¶2} Mango presents one assignment of error. She asserts that the trial court abused its discretion by denying her motion without conducting an evidentiary hearing, because the affidavit she submitted from a previously unavailable witness met the requirements of Crim.R. 33(A).

{¶3} Upon a review of the record, this court cannot conclude the trial court abused its discretion in this matter. Mango's assignment of error, accordingly, is overruled. The trial court's order is affirmed.

{¶4} The nineteen-year-old victim, Mango's daughter, provided the following testimony regarding the incident that led to Mango's convictions. On March 19, 2013, having been in foster care for most of her childhood, the victim had been living with Mango for a few weeks. Mango's sister also lived with them.

{¶5} On that afternoon, the victim woke to hear Mango "screaming" at her to open the door for her aunt. The victim obliged, but as her aunt walked past the bathroom, Mango called out to tell her sister that the victim had lied to her during the previous day's phone conversation.

**{¶6}** The victim protested that she only answered her aunt's questions. This assertion apparently provoked Mango, because she came "running" from the bathroom into the victim's room and began "punching" her in her arm.

**{¶7}** Mango's sister stepped in and attempted to tug Mango away just as the victim pushed at her; this caused Mango to fall to the floor. Mango's sister took that as an opportunity to pull Mango from the room and shut her outside. From beyond the door, the victim heard Mango "ranting and raving."

**{¶8}** Mango's behavior frightened the victim enough that she attempted to call the police, but, before she could complete the call, Mango broke into the room and grabbed the phone from the victim's hand. Mango threw the phone against the wall, then picked it up and took it into the bathroom, where she threw it into the toilet. Mango proceeded to the kitchen, where she retrieved two knives, one for each hand. When she returned to the victim's room, she stabbed at the victim and struck her in both arms.

**{¶9}** Mango's sister managed to wrest the knives away. Mango, however, ordered the bleeding victim out of her house. Although it was "snowing" and the victim wore only "a t-shirt and some jeans," she obeyed.

**{¶10}** Exiting the house, the victim noticed some workers "down the street." She approached them to ask if they would call 911. Because the victim was "covered in blood" and appeared to be "in shock," the workers agreed. While the workers made the call, the victim noticed Mango and her aunt leaving their home.

{¶11} The police were the first to arrive at the location. They spoke with the victim but received no response when they knocked at Mango's residence. They ensured the victim obtained medical treatment, then turned the matter over to the detectives. Mango was arrested the following day.

{¶12} The indictment issued against Mango charged her with two counts of felonious assault, one count of domestic violence, and one count of resisting arrest. Mango waived her right to a jury trial. After hearing the state's evidence and Mango's testimony, the trial court found Mango not guilty of one count of felonious assault and of resisting arrest, but guilty of the other count of felonious assault and of domestic violence.

{¶13} Approximately a month later, Mango filed a motion for a new trial. She claimed she had newly discovered evidence, viz., that she had located her sister, who would testify that she was not present during Mango's alleged altercation with the victim. Mango attached an affidavit to her motion. The affiant stated that she had "not seen her sister and niece for several years," and that any claim that during the incident she "was present, saw anything, or was involved * * * [was] completely false."

{¶14} When the trial court called Mango's case for sentencing, the court noted that it had reviewed Mango's motion, but believed that "the question of the statements made in the affidavit in support was considered during the trial by other testimony that was offered." The court held that "[t]he fact that [Mango's sister] did not appear at trial was not [un]duly prejudicial." Therefore, the court denied her motion for a new trial.

{¶15} The trial court proceeded to sentence Mango to a period of community control with the potential of a two-year prison sentence if she violated the terms. Mango appeals from the trial court's decision to deny her motion for a new trial with one assignment of error, as follows.

I. The trial court committed error when it denied Jubrell Mango's motion for a new trial without an evidentiary hearing.

{¶16} Mango argues that the affidavit she attached to her motion warranted, at least, a full hearing on the issue of whether a new trial was appropriate. This court disagrees.

{¶17} A motion for new trial is within the sound discretion of the trial court, and the court's ruling on the motion will not be disturbed on appeal absent an abuse of discretion. *State v. Matthews*, 81 Ohio St.3d 375, 378, 691 N.E.2d 1041 (1998). No abuse of discretion occurred in this case.

{¶18} In order to warrant a new trial on the grounds of newly discovered evidence, the defendant must show that the new evidence: (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus. A defendant is entitled to a hearing on her motion if she submits documents that on their face support her claim that she was unavoidably

prevented from timely discovering the evidence at issue. *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶19 (2d Dist.).

**{¶19}** A review of the record in this case demonstrates that the affidavit Mango attached to her motion did not meet the foregoing requirements. The affiant merely stated that she did not live with Mango; this left unanswered the question of where Mango's sister could be located in order that she could testify at trial. In addition, the affiant made no offer to testify.

**{¶20}** Even if the affiant had provided the information, her statements were merely cumulative to Mango's own testimony at trial. Mango testified that she had not seen her sister in "a long time," that her sister never moved in with her and the victim, and that no one else was present in the house when she and the victim had their confrontation.

**{¶21}** Finally, the affiant's testimony was offered only to impeach the victim's credibility. The affiant stated she was not present at the time the confrontation occurred. Because Mango testified that she had not seen her sister in "a long time," her sister would have had no familiarity with either her or the victim. Thus, the affiant could not offer any information that differed from the evidence that had been presented at trial.

**{¶22}** Under these circumstances, the trial court did not abuse its discretion in denying Mango's motion for a new trial without conducting an evidentiary hearing. Mango's assignment of error, accordingly, is overruled.

**{¶23}** The trial court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR