[Cite as *State v. Barrow*, 2016-Ohio-2839.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103331**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICHARD BARROW

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-577219-A

**BEFORE:** Keough, P.J., S. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 5, 2016

**APPELLANT**

Richard Barrow, pro se
No. A653549
Mansfield Correctional Institution
1150 N. Main Street
Mansfield, Ohio 44903


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Anthony Thomas Miranda
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

**{¶1}** Defendant-appellant, Richard Barrow, pro se, appeals from the trial court's judgment denying his motion for leave to file a motion for a new trial. We affirm.

## I. Background

**{¶2}** Barrow was convicted of attempted murder and having a weapon while under disability and sentenced to nine years incarceration. Barrow appealed his convictions, challenging the manifest weight and sufficiency of the evidence. This court affirmed. *State v. Barrow*, 8th Dist. Cuyahoga No. 101356, 2015-Ohio-525. Barrow subsequently moved to reopen his appeal, which this court denied.

**{¶3}** On June 29, 2015, Barrow filed a motion pursuant to Crim.R. 33(B) for leave to file a motion for a new trial. In this motion, Barrow asserted that he was unavoidably prevented from discovering new evidence to support a motion for a new trial because his trial counsel withdrew from his case immediately after sentencing and did not forward the case file and trial transcripts to him. Barrow contended that he did not receive the trial transcripts until September 26, 2014, when appellate counsel provided him with the transcripts, and he then discovered new evidence of "improperly admitted other acts evidence, insufficient evidence, prosecutorial misconduct and ineffective assistance of counsel." In light of trial counsel's withdrawal from the case without first filing a motion for a new trial, and his failure to timely provide Barrow with the case file and trial transcripts, Barrow argued that he had been unavoidably prevented from timely

filing a motion for a new trial based on this newly discovered evidence.  The trial court denied Barrow's motion for leave, and this appeal followed.

## II.   Analysis

**{¶4}**   A Crim.R. 33 motion for a new trial is addressed to the discretion of the trial court and will not be reversed absent an abuse of discretion.  *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990).  "The term 'abuse of discretion' is one of art, 'connoting judgment exercised by a court that does not comport with reason or the record.'" *State v. Alexander*, 11th Dist. Trumbull No. 2011-T-0120, 2012-Ohio-4468, ¶ 10, quoting *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶ 30.

> Crim.R 33(A)(6) permits a convicted defendant to file a motion for a new trial upon grounds that new evidence material to the defense has been discovered that the defendant could not with reasonable diligence have discovered and produced at trial.
>
> Pursuant to Crim.R. 33, motions for a new trial based on newly discovered evidence shall be filed within 120 days of the verdict.  A defendant who seeks a new trial after the 120-day time period must first obtain leave from the trial court, demonstrating by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B). "[A] party is unavoidably prevented from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).
>
> A defendant is entitled to a hearing on his motion for leave if he submits "documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence" at issue. *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.).  Although a defendant may file his motion for a new trial along with his request for leave to file such motion, "the trial court may not

consider the merits of the motion for a new trial until it makes a finding of unavoidable delay. * * * If the defendant submits documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence, the trial court must hold a hearing to determine whether there was unavoidable delay." *State v. Stevens*, 2d Dist. Montgomery Nos. 23236 and 23315, 2010-Ohio-556, ¶ 11.

*State v. Brown*, 8th Dist. Cuyahoga No. 95253, 2011-Ohio-1080, ¶ 12-14.

**{¶5}** Barrow argues on appeal that the trial court erred in denying his motion for leave to file a motion for a new trial because it (1) did not consider the sworn affidavit attached to his motion in which he set forth the details of trial counsel's failure to forward the case file and trial transcripts to him, (2) did not conduct an evidentiary hearing regarding his motion, and (3) did not make findings of fact and conclusions of law when it denied his motion. We find no abuse of discretion in the trial court's denial of Barrow's motion.

**{¶6}** First, Barrow produced no new evidence. Although Barrow's motion referenced a "notarized affidavit," the record contains no such affidavit, either attached to Barrow's motion for leave or filed separately. There were two documents attached to Barrow's motion: (1) a letter to Barrow from appellate counsel dated September 26, 2014, indicating that appellate counsel had emailed Barrow trial transcripts; and (2) a letter from Barrow to "To Whom It May Concern" dated December 14, 2014, requesting that a grievance be filed against his trial counsel. These documents do not contain any new evidence material to Barrow's guilt or innocence that could have changed the outcome of the trial; they merely demonstrate when Barrow received the trial transcripts and that he

was unhappy with his trial counsel's failure to immediately forward the trial transcripts to him.

{¶7} Barrow's brief on appeal contains a copy of an affidavit by Barrow in which he avers that (1) he did not receive the trial transcripts until September 26, 2014, (2) his trial counsel withdrew from his case without written notification and without providing his case file to Barrow, (3) he was initially denied library access in prison, (4) he was delayed in noticing "prosecutorial misconduct during opening statements by the state," and (5) appellate counsel was ineffective. However, even if this affidavit had been attached to Barrow's motion for leave and reviewed by the trial court, the affidavit merely gives information regarding why Barrow did not file a motion for a new trial at an earlier date. As with the other two documents attached to Barrow's motion, the affidavit contains no new evidence material to Barrow's guilt or innocence. Accordingly, because Barrow produced no new evidence, the trial court did not abuse its discretion in denying his motion for leave to file a motion for a new trial.

{¶8} Likewise, the trial court was not required to hold an evidentiary hearing before ruling on Barrow's motion. To show that an evidentiary hearing regarding the newly discovered evidence is warranted, a defendant must show that the newly discovered evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach

or contradict the former evidence. *State v. Hill*, 8th Dist. Cuyahoga No. 102083, 2015-Ohio-1652, ¶ 17.

**{¶9}** Barrow's "newly discovered evidence" of "prosecutorial misconduct, ineffective assistance of counsel, trial court abuse of discretion, unfair prejudice, [and] improperly admitted other acts evidence" does not meet this standard. None of these alleged errors constitute newly discovered evidence; they are merely alleged errors regarding what happened at trial. Indeed, Barrow asserts that he discovered evidence of these alleged errors in the trial transcripts. Because, by Barrow's own admission, these alleged errors are apparent from the trial transcripts, they could have been raised on direct appeal. Res judicata bars the assertion of claims from a valid, final judgment of conviction that have been raised or could have been raised on direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Because these alleged errors could have been but were not raised on direct appeal, they are now barred by res judicata.[1]

**{¶10}** Finally, a trial court has no duty to issue findings of fact or conclusions of law when it denies a Crim.R. 33 motion for new trial. *State ex rel. Collins v. Pokorny*, 86 Ohio St.3d 70, 70, 711 N.E.2d 683 (1999).

---

[1]Although not raised in his motion for leave to file a motion for a new trial, Barrow argues on appeal that his appellate counsel was ineffective for not raising on appeal alleged errors regarding the admission of other acts evidence, hearsay testimony, and the incompetent testimony of a state's witness. Claims of ineffective assistance of appellate counsel are not cognizable in postconviction proceedings, however; they must be raised in a motion to reopen an appeal. *State v. Murnahan*, 63 Ohio St.3d 60, 65, 584 N.E.2d 1204 (1992); App.R. 26(B)(1).

**{¶11}** Because Barrow did not produce any new evidence, the trial court did not abuse its discretion in denying the motion for leave to file a motion for a new trial without an evidentiary hearing and without any findings of fact or conclusions of law.  The assignment of error is overruled.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR