[Cite as *State v. Henry*, 2017-Ohio-7426.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-57 |
| | : | |
| v. | : | Trial Court Case No. 1999-CR-296 |
| | : | |
| ANJUAN HENRY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

# O P I N I O N

Rendered on the 1st day of September, 2017.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

ANJUAN HENRY, Inmate No. 401-154, London Correctional Institution, P.O. Box 69, London, Ohio 43140
      Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Anjuan C. Henry, appeals from the decisions of the Clark County Court of Common Pleas denying both his pro se motion for a new trial and his pro se motion for leave to file a motion for a new trial.   For the reasons outlined below, the judgment of the trial court will be reversed and remanded for further proceedings consistent with this Opinion.

I.      Facts and Course of Proceedings

{¶ 2} On June 14, 1999, the Clark County Grand Jury indicted Henry on one count of willfully eluding or fleeing a police officer in violation of R.C. 2921.331(B), one count of receiving or retaining stolen property in violation of R.C. 2913.51, and one count of possession of crack cocaine in an amount exceeding one hundred grams in violation of R.C. 2925.11.   The drug possession count had a major drug specification pursuant to R.C. 2925.01.   Dkt. 1.   The three counts were brought against Henry in Clark County Court of Common Pleas Case No. 99-CR-296.

{¶ 3} On February 28, 2000, the trial court consolidated Case No. 99-CR-296 with Case No. 99-CR-584, which involved two counts of drug trafficking in crack cocaine brought against Henry.   Dkt. 24.   Henry's jury trial in the consolidated cases began on May 15, 2000.   The jury returned guilty verdicts on both counts of drug trafficking and one count of possession of crack cocaine with a major drug specification.   Dkt. 29, 37. On September 22, 2000, the trial court sentenced Henry.   Dkt. 37.   On appeal, we reversed Henry's convictions and remanded the cause for further proceedings consistent with our Opinion.   *State v. Henry*, 2d Dist. Clark No. 2000-CA-80, 2002 WL 125717 (Feb.

1, 2002).

{¶ 4} After we remanded the cause, the two criminal cases were severed. In June 2003, Henry was re-tried in Case No. 99-CR-296. The jury found Henry guilty of the possession charge. Dkt. 54. On June 27, 2003, the trial court found that Henry was a major drug offender pursuant to R.C. 2925.01 and 2929.13(F) and sentenced Henry to a total prison term of seventeen years. Dkt. 55. On appeal, we affirmed Henry's conviction and sentence in Case No. 99-CR-296. Dkt. 61; *State v. Henry*, 2d Dist. Clark Nos. 2003-CA-47 and 2003-CA-88, 2005-Ohio-4512. On January 7, 2011, the trial court issued an amended judgment entry of conviction. Dkt. 64.

{¶ 5} On April 5, 2016, Henry filed a "Crim. Rule 33(B) Motion For Leave To File A Delayed Motion For A New Trial" in Case No. 99-CR-296. Dkt. 65. Henry attached two affidavits to this motion. First, his March 21, 2016 affidavit stated, in pertinent part:

In Feb of 2016, my ex-fiancée and children's mother, Erica Bibbs, did inform me that leading up to and during my June 2003 jury trial for possession on [sic] cocaine, she was having an affair with my trial attorney.

She was reluctant to provide the affidavit attached to the motion for leave because she said it would make her "look bad" and also inquired as to whether his attorney could "get in trouble" if this came out.

{¶ 6} The second affidavit was a March 14, 2016 affidavit of Erica Bibbs. The affidavit stated:

I Erica Bibbs, aver and attest to the following . . . before and during my ex fiancé and my children's father, (Anjuan Henry), June 2003 jury trial, I was engaged in a romantic relationship with his attorney.

**{¶ 7}** On May 20, 2016, Henry filed a motion to include a supplemental affidavit in support of his previously filed motion for leave.   Dkt. 66.   Henry's May 16, 2016 affidavit attached to the motion stated, in pertinent part:

> In April of 2013, my ex-fiancée and I began communicating on an intimate level again.
>
> We both came to an agreement to try to repair our relationship. We've been successful in that endeavour [sic] for the past few years.
>
> In Feb of 2016, my ex-fiancée Erica Bibbs, told me that, years ago she did something that she regrets, and that she was tired of living with the guilt of it.   That's when, for the first time, she revealed the affair she had with my trial attorney, while he was representing me.

**{¶ 8}** On June 14, 2016, Henry filed a "Criminal Rule 33(A)(1) New Trial Motion (Irregularities In Proceedings During Trial And Subsequent To Sentencing)."   Dkt. 67. In this filing, Henry cited, among other things, *Disciplinary Counsel v. Owen*, 142 Ohio St.3d 323, 2014-Ohio-4597, 30 N.E.3d 910.   In response to Henry's Motion, the State cited *State v. Caulley*, 10th Dist. Franklin No. 12AP-1000, 2012-Ohio-2649, for the proposition that "in order to satisfy a claim of ineffective assistance of counsel based on a conflict of interest, a criminal defendant must demonstrate that an actual conflict of interest adversely affected trial counsel's performance."   Dkt. 72, p. 1.

**{¶ 9}** In a September 8, 2016 Entry, the trial court stated (Dkt. 76):

> The matter is before the Court on the motion of the Defendant for a new trial on the grounds that his trial counsel in [sic] conflict of interest.   The defendant alleges that the conflict of interest was based upon a relationship

between his attorney and the defendant's girlfriend at the time. The motion does not contain any information, assuming that an improper relationship existed between counsel and the defendant's girlfriend, as to how said relationship adversely affected counsel's representation of the defendant.

Court has reviewed the motion and the response filed by the State. The Court finds that the defendant's motion fails to state sufficient grounds for a new trial.

Therefore, the Court finds the motion is not well taken and the same is DENIED.

**{¶ 10}** The trial court subsequently issued a November 8, 2016 entry, stating (Dkt. 79):

This matter is before the Court on the pro se motion of the defendant for leave to file a delayed motion for a new trial. Upon review of the arguments and the record, the Court finds the motion is not well taken and the same is DENIED.

**{¶ 11}** Henry appeals from the trial court's September 8, 2016 and November 8, 2016 decisions.

II. The Trial Court Abused Its Discretion In Denying Henry's Motion For Leave Without Making A Credibility Determination

**{¶ 12}** Henry's first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION FOR LEAVE WHICH WAS SUPPORTED BY

CLEAR AND CONVINCING EVIDENCE OF UNAVOIDABLE PREVENTION.

{¶ 13} Henry filed his motion for a new trial pursuant to Crim.R. 33(A)(1), which provides: "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial."

{¶ 14} Crim.R. 33(B) provides the deadlines for filing a motion for new trial. Crim.R. 33(B) provides, in pertinent part:

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 15} Pursuant to Crim.R. 33(B), Henry first filed a motion for leave to file a motion for new trial in which he stated that he was unavoidably prevented from discovering the evidence of the affair between his trial counsel and his ex-fiancé. If the trial court granted this motion for leave, Henry would then have seven days from the trial court's order to file his motion for new trial. Crim.R. 33(B).

{¶ 16} A defendant is entitled to a hearing on a motion for leave to file a motion for

a new trial "if he submits 'documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence' at issue." *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.) (Citations omitted.). The affidavits submitted with Henry's motion for leave, if found to be credible, arguably support his claim that he was unavoidably prevented from the discovery of the alleged affair between his trial counsel and his ex-fiancé, which is the evidence on which he must rely in his subsequent motion for new trial. Crim.R. 33(B).

{¶ 17} In assessing the credibility of affidavits, the Supreme Court has provided the following relevant factors to be considered:

(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.

*State v. Calhoun*, 86 Ohio St.3d 279, 285, 714 N.E.2d 905 (1999), citing *State v. Moore*, 99 Ohio App.3d 748, 754-756, 651 N.E.2d 1319 (1st Dist.1994).

{¶ 18} "[O]ne or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility."

*Calhoun* at 285. "Such a decision should be within the discretion of the trial court." *Id.* "A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur." *Id.*

**{¶ 19}** Although the *Calhoun* case involved a review of a petition for post-conviction relief rather than a motion for new trial, we have held that the *Calhoun* factors "also comfortably appl[y] to affidavits submitted in support of a motion for new trial." *State v. Coleman*, 2d Dist. Clark Nos. 04CA43, 04CA44, 2005-Ohio-3874, ¶ 25.

**{¶ 20}** The trial court overruled Henry's motion for leave without providing reasoning for doing so. If accepted as true, Henry's affidavits arguably support a finding that he is entitled to a hearing on his motion for leave. But one or more of the *Calhoun* factors may apply to discount the credibility of the affidavits submitted in support of Henry's motion for leave. The trial court, though, did not make any credibility determinations when it overruled Henry's motion for leave. Therefore, based on the record before us, we conclude that the trial court abused its discretion in overruling Henry's motion for leave without a hearing. A remand is necessary for the trial court to consider, in the first instance, whether the affidavits submitted by Henry in support of his motion for leave credibly establish, by clear and convincing proof, that he was unavoidably prevented from discovering the evidence of the affair between his trial counsel and his ex-fiancé.

**{¶ 21}** Henry's first assignment of error is sustained.

**{¶ 22}** Henry's second assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING

APPELLANT'S CRIMINAL RULE 33(A)(1) MOTION WHICH WAS SUPPORTED BY OHIO SUPREME COURT PRECEDENT, IN ADDITION TO UNCONTROVERTED AFFIDAVITS.

**{¶ 23}** On remand, the trial court will consider whether the affidavits submitted with Henry's motion for leave credibly establish that he was unavoidably prevented from discovering the evidence of the affair between his trial counsel and his ex-fiancé. We conclude that it would be premature for us to address Henry's second assignment of error relating to his motion for new trial prior to the trial court ruling on Henry's motion for leave to file his motion for new trial. Crim.R. 33(B). Consequently, Henry's second assignment of error is overruled at this time.

III.     Conclusion

**{¶ 24}** Having sustained Henry's first assignment of error, the trial court's November 8, 2016 decision is reversed and the cause is remanded for further proceedings consistent with this Opinion.

. . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Andrew P. Pickering
Anjuan Henry
Hon. Richard J. O'Neill