[Cite as *State v. Jackson*, 2024-Ohio-2261.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 112944 |
| v. | : | |
| EMMANUEL JACKSON, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 13, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-608044-C

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Sarah E. Hutnik, Assistant Prosecuting
Attorney, *for appellee.*

Allison F. Hibbard, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Emmanuel Jackson ("Jackson"), appeals the trial court's decision denying him leave to file a motion for new trial without holding a hearing. For the reasons set forth below, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} This is Jackson's third appeal before this court. The underlying case involves a car-jacking robbery that occurred in July 2016. Following a jury trial in April 2017, Jackson was found guilty of aggravated robbery, robbery, grand theft, and kidnapping, as well as the notice of prior conviction and repeat violent offender specifications. The trial court sentenced Jackson to 16 years in prison on May 23, 2017. This court affirmed his convictions and sentence in *State v. Jackson*, 8th Dist. Cuyahoga No. 105919, 2018-Ohio-1633, ¶ 29 ("*Jackson I*"), finding that although the state improperly conditioned the plea agreements of Jackson's codefendants on their agreement not to testify at Jackson's trial, Jackson was not prejudiced because, among other things, there remained "no reasonable doubt about Jackson's guilt."

{¶ 3} In *Jackson I*, this court found that the evidence presented at trial overwhelmingly established Jackson's participation in the crime, noting that Jackson and his codefendants were apprehended shortly after the robbery based on the victim's descriptions of the perpetrators. *Id.* at ¶ 28. The victim identified all three perpetrators in a cold stand. Further, the victim's iPhone was recovered on the ground ten feet away from Jackson, and Jackson's sandals were located a few feet from the victim's minivan. Finally, in trial, the victim identified the tattoo on Jackson's right arm that he observed when Jackson reached through the van window and grabbed him. *Id.* at ¶ 28.

{¶ 4} In November 2018, Jackson moved for leave to file a motion for new trial arguing that he had obtained new evidence, specifically an unsolicited affidavit

from the codefendant, in which the codefendant denied knowing Jackson and averred that Jackson was not involved in the robbery from which codefendant was convicted. Jackson argued that the affidavit cured the deficiency that this court found in *Jackson I*. The trial court denied the motion without hearing and this court affirmed, finding that Jackson's motion for leave, on its face, did not demonstrate by clear and convincing evidence that he was unavoidably prevented from timely discovering the evidence at issue; therefore, the trial court did not abuse its discretion in not holding a hearing on the motion. *State v. Jackson*, 8th Dist. Cuyahoga No. 108241, 2019-Ohio-4893, ¶ 4 ("*Jackson II*").

{¶ 5} In this case, Jackson filed another motion for leave to file a motion for new trial alleging that he never had the opportunity to review his jury verdict forms until recently and just discovered that the jury, instead of the judge, found him guilty of the repeat violent offender specifications in contravention of R.C. 2941.149(B). The trial court again denied the motion, without hearing, finding that Jackson "has not demonstrated by clear and convincing evidence that he was unavoidably prevented from discovering the purported new evidence." (Journal Entry, Opinion and order, May 31, 2023).

{¶ 6} Jackson appeals this ruling, raising one assignment of error for our review:

> **Assignment of Error I:** The trial court abused its discretion in denying defendant's motion for leave to file motion for new trial without holding a hearing.

## II. Law and Analysis

### A. Standard of Review

{¶ 7} This court reviews the denial of leave to file an untimely motion for new trial for an abuse of discretion. *State v. Sutton*, 2016-Ohio-7612, 73 N.E.3d 981, ¶ 13 (8th Dist.). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

### B. Motion for a New Trial

{¶ 8} Under his sole assignment of error, Jackson argues that the trial court abused its discretion when it denied his motion for leave arguing that he was unavoidably prevented from filing his motion in a timely fashion because he just recently obtained the jury verdict forms. We find Jackson's argument unpersuasive.

{¶ 9} Crim.R. 33(A)(5), states that "[a] new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: * * * [an](5) Error of law occurring at the trial[.]" This motion must "be filed within fourteen days after the verdict was rendered * * * unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial[.]" Crim.R. 33(B).

{¶ 10} Because the appellant missed the 14-day deadline, the appellant was required to seek leave of court before filing a delayed motion for a new trial. To obtain leave, the appellant must establish by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial within the designated

time. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Armengau*, 10th Dist. Franklin No. 16AP-355, 2017-Ohio-197, ¶ 23, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-46, 483 N.E.2d 859 (10th Dist.1984).

{¶ 11} The defendant bears the burden of showing by clear and convincing proof that he was unavoidably prevented from filing his motion within the time prescribed, and he must make such showing with more than a mere allegation that he was unavoidably prevented from discovering the evidence he seeks to introduce in support for a new trial. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 103634 and 104506, 2016-Ohio-7298, ¶ 20.

{¶ 12} Finally, a defendant is only entitled to a hearing on his motion for leave if he submits "documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence" at issue. *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.). Although a defendant may file his motion for a new trial along with his request for leave, "the trial court may not consider the merits of the motion for a new trial until it makes a finding of unavoidable delay. * * * If the defendant submits documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence, the trial court must hold a hearing to determine whether there was unavoidable delay." *State v. Brown*, 8th Dist. Cuyahoga No. 95253, 2011-

Ohio-1080, ¶ 14, citing *State v. Stevens*, 2d Dist. Montgomery Nos. 23236 and 23315, 2010-Ohio-556, ¶ 11; *State v. Jackson*, 8th Dist. Cuyahoga No. 108241, 2019-Ohio-4893, ¶ 8-12.

{¶ 13} On July 17, 2022, Jackson filed his second motion for leave to file an untimely motion for new trial pursuant to Crim.R. 33(A)(5), arguing that an error of law occurred at trial that he failed to discover because he did not have access to the jury verdict forms until just recently. The trial court denied Jackson's motion for leave, without hearing, finding that Jackson was not unavoidably prevented from timely discovering the evidence. The trial court explained that Jackson was in court when the verdicts were read and that the court had a lengthy conversation with Jackson, prior to trial, regarding the ramifications of the having weapons while under disability count, the notice of prior conviction, and the repeat violent offender specifications being decided by the jury. Jackson chose to stipulate to his prior conviction but wanted the jury to decide the having weapons while under disability count and repeat violent offender specification, which was against the advice of counsel. (Journal Entry, Opinion and Order, May 31, 2023).

{¶ 14} After reviewing the record, we cannot say that the trial court exercised its judgment in an unwarranted way regarding a matter over which it has discretionary authority. The documents, on its face, do not support Jackson's claim that he was unavoidably prevented from discovering the issue within the allotted timeframe. As the trial court explained, Jackson made the decision to have the repeat violent offender specification decided by the jury and was present in the

courtroom when the jury verdicts were read. Therefore, we find that the trial court did not abuse its discretion when it denied Jackson's motion for leave without a hearing.

{¶ 15} Accordingly, Jackson's sole assignment of error is overruled.

## III. Conclusion

{¶ 16} The trial court did not abuse its discretion when it denied Jackson's motion for leave to file an untimely motion for new trial without hearing because the motion on its face does not support Jackson's claim that he was unavoidably prevented from discovering the evidence within the prescribed time.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN T. GALLAGHER, J., CONCUR