[Cite as *State v. Jackson*, 2019-Ohio-4893.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                        No. 108241

v.                                      :

EMMANUEL JACKSON,                       :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 27, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-608044-C

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey and Gregory J. Ochocki, Assistant Prosecuting Attorneys, *for appellee.*

Susan J. Moran, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Emmanuel Jackson, appeals the trial court's decision denying him leave to file a motion for a new trial without a hearing. For the reasons that follow, we affirm the trial court's decision.

**{¶ 2}** Following a jury trial in 2017, Jackson was convicted of aggravated robbery with a repeat violent offender specification, and sentenced to 11 years in prison. This court affirmed his convictions and sentence in *State v. Jackson*, 8th Dist. Cuyahoga No. 105919, 2018-Ohio-1633 (hereinafter "*Jackson I*").

**{¶ 3}** Relevant to this appeal, this court in *Jackson* was critical of the state's plea agreement with Jackson's codefendants, Anthony Palmentera and Bradley Lease, which contained a condition that prevented both of them from testifying as witnesses for Jackson. This court found that the state impaired and interfered with Jackson's right to compulsory process. *Id.* at ¶ 17-22. However, this court determined that the interference did not amount to reversible error because Jackson did not specify to what Palmentera and Lease would have testified; he only speculated that a reasonable probability existed that their testimony would have been helpful to him. *Id.* at ¶ 21-22. Because Jackson failed to "explain what material, favorable evidence Palmentera and Lease would have provided for the defense," he did not withstand his burden of demonstrating a Sixth Amendment violation. *Id.* at ¶ 24, 27. Significant to this conclusion, this court found that Jackson did not raise the compulsory process issue during trial or seek to obtain his codefendants' testimony. *Id.* at ¶ 27. Moreover, this court found that the evidence presented at trial demonstrated that there was "no reasonable doubt of Jackson's guilt," and that "Palmentera and Lease's testimony would not have changed the outcome of the trial." *Id.* at ¶ 28.

{¶ 4} Subsequently, in November 2018, Jackson moved for leave to file a motion for new trial. The basis for his new trial request was that he had obtained new evidence, specifically an unsolicited affidavit from Palmentera, in which Palmentera denied knowing Jackson and averred that Jackson was not involved in the robbery from which Palmentera was convicted. According to Jackson, Palmentera's affidavit cured the deficiency that this court found in *Jackson I.*

{¶ 5} The trial court denied his motion for leave, stating

> Defendant has failed to demonstrate on the face of his filings that he was unavoidably delayed from timely discovering this purported new evidence. Defendant has also failed to demonstrate that this is new evidence as defendant was aware of these facts during his trial and immediately thereafter took no steps to diligently inquire as to what evidence his codefendant would have offered. In fact jurors heard the evidence that defendant did not know Palmentera and was not part of the crime through his statement to police. Defendant and his appellate counsel did not attempt to obtain the affidavit within 120 days. Therefore defendant has failed to support his motion for leave in that he was not unavoidably prevented from discovering this evidence.

{¶ 6} Jackson now appeals, raising two assignments of error, which will be addressed together.

{¶ 7} In his first and second assignments of error, Jackson contends that the trial court erred in denying his motion for leave to file a motion for new trial. He contends that, at a minimum, the trial court should have conducted a hearing on his motion.

{¶ 8} Crim.R. 33 sets forth six grounds upon which a trial court may grant a defendant's motion for a new trial. In this case, Jackson moved for a new trial pursuant to Crim.R. 33 (A)(6), which provides that a court may grant a motion for

new trial "when new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at trial."

{¶ 9} A motion for new trial based on newly discovered evidence shall be filed within 120 days after verdict. Crim.R. 33(B). In order to file such a motion beyond the 120 days, the defendant must first file a motion for leave, showing by "'clear and convincing proof that he * * * was unavoidably prevented from discovering the evidence within the [time provided].'" *State v. Bridges*, 8th Dist. Cuyahoga Nos. 103634 and 104506, 2016-Ohio-7298, ¶ 18, quoting *State v. Hoover-Moore*, 2015-Ohio-4863, 50 N.E.3d, 1010, ¶ 13 (10th Dist.).

{¶ 10} "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Davis*, 10th Dist. Franklin No. 03AP-1200, 2004-Ohio-6065, ¶ 11, citing *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).

{¶ 11} The defendant bears the burden of showing by clear and convincing proof that he was unavoidably prevented from filing his motion within the time prescribed, and he must make such showing with more than a mere allegation that he was unavoidably prevented from discovering the evidence he seeks to introduce in support for a new trial. *Bridges* at ¶ 20.

{¶ 12} A defendant is entitled to a hearing on his motion for leave if he submits "documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence" at issue. *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.). Although a defendant may file his motion for a new trial along with his request for leave, "the trial court may not consider the merits of the motion for a new trial until it makes a finding of unavoidable delay. * * * If the defendant submits documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence, the trial court must hold a hearing to determine whether there was unavoidable delay." *State v.* Brown, 8th Dist. Cuyahoga No. 95253, 2011-Ohio-1080, ¶ 14, citing State *v. Stevens*, 2d Dist. Montgomery Nos. 23236 and 23315, 2010-Ohio-556, ¶ 11.

{¶ 13} In this case, the trial court denied Jackson's request for leave because he failed to support his motion with clear and convincing evidence to withstand his burden of demonstrating that he was unavoidably prevented from discovering the new evidence, i.e., Palmentera's affidavit in which he provided sworn testimony that he did not know Jackson and that Jackson was not involved in the robbery Palmentera committed. We review the trial court's decision for an abuse of discretion. *State v. Gray*, 8th Dist. Cuyahoga No. 92646, 2010-Ohio-11, ¶ 17.

{¶ 14} Jackson first contends that the trial court abused its discretion in denying his motion when it found that Palmentera's affidavit was not "new evidence" because Jackson was aware of the "facts" at trial that are now presented

in Palmentera's affidavit. According to Jackson, the "facts" are (1) whether he and Palmentera knew each other; and (2) whether Jackson participated in the offenses for which Palmentera was convicted. We agree with the trial court that these "facts" are not newly discovered.

{¶ 15} Although the affidavit itself is "new evidence," the content of the affidavit is not new. At trial, Jackson's video-taped interview with the police in which he denied knowing Palmentera and participating in the robbery offenses was played for the jury. Jackson contends that Palmentera's statements in his affidavit are relevant because they corroborate Jackson's self-serving statements. However, as Jackson admitted, the facts in the affidavit are not new and he "had prior knowledge of the essence of the facts in Palmentera's affidavit." (Brief, p. 2.) Accordingly, Jackson knew of the grounds supporting his motion for a new trial; thus, he cannot withstand his burden under Crim.R. 33.

{¶ 16} Jackson next contends that the trial court abused its discretion in denying his motion when it found that Jackson "failed to demonstrate on the face of his filings that he was unavoidably delayed from timely discovering" Palmentera's affidavit, and that he "took no steps to diligently inquire as to what evidence [Palmentera] would have offered."

{¶ 17} Jackson claims he was delayed in his discovery and ability to obtain Palmentera's affidavit because they were both incarcerated throughout the proceedings and not located in the same correctional facility. However, the record reflects that Jackson knew at all times of Palmentera's existence and identity — both

were apprehended together, identified in a cold stand together, and ultimately arrested together. They also appeared with each other during pretrial proceedings and during the beginning stages of trial until Palmentera entered into a plea agreement during voir dire. It is disingenuous to argue that there was not an opportunity to discover what evidence Palmentera would have offered.

{¶ 18} Jackson also relies on this court's opinion in *Jackson I* for the proposition that the state's conditioned plea agreement interfered with his ability to obtain Palmentera's statements and from calling him as a witness during his trial. First, it is specious to argue that Palmentera was unavailable to testify at trial only because he was precluded from doing so by the nature of his plea agreement. Palmentera was a codefendant, and it is likely the Fifth Amendment may have also prevented Jackson from calling Palmentera as a witness or procuring the testimony he now relies on as justification for a new trial.

{¶ 19} Additionally, and as this court noted, the record reflects that Jackson did not know that Palmentera's plea agreement contained any condition that prohibited him from testifying on Jackson's behalf. *Jackson*, 8th Dist. Cuyahoga No. 105919, 2018-Ohio-1633, at ¶ 16. As far as Jackson knew at the time of his trial, nothing prevented him from calling Palmentera as a witness. Jackson could not have been unavoidably prevented from obtaining any statements from Palmentera when he never attempted to obtain any information from him during his trial. Finally, even if Palmentera had testified, this court has already determined that,

"Palmentera and Lease's testimony would not have changed the outcome of trial." *Id.* at ¶ 28.

{¶ 20} Finally, Jackson's affidavit and his motion for leave clearly demonstrate that he failed to exercise any diligence during the one and one-half years following the guilty verdicts to discover or obtain Palmentera's statement or affidavit despite knowing the "facts" all along — that they did not know each other or that Jackson did not participate in the offenses for which Palmentera pleaded guilty. *See State v. Cashin*, 10th Dist. Franklin No. 17AP-338, 2017-Ohio-9289 (defendant cannot claim that the evidence was undiscoverable simply because no efforts were made to obtain the evidence sooner).

{¶ 21} Accordingly, the trial court did not abuse its discretion in denying Jackson's motion for leave to file a motion for a new trial. The evidence supporting his motion does not, on its face, support his claim that he was unavoidably prevented from discovering the evidence contained in the affidavit. In fact, Jackson knew of the grounds he wished to raise in his motion for a new trial during the statutory time frame, and knew of Palmentera's existence and the evidence he wished to obtain from him. The record demonstrates that Jackson simply chose not to locate and contact Palmentera. The first assignment of error is overruled.

{¶ 22} Because Jackson's motion for leave, on its face, does not demonstrate by clear and convincing evidence that he was unavoidably prevented from timely discovering the evidence at issue, the trial court did not abuse its discretion in not holding a hearing on the motion. *State v. Brown*, 8th Dist. Cuyahoga No. 95253,

2011-Ohio-1080, ¶ 14.  Accordingly, Jackson's second assignment of error is also overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
MARY EILEEN KILBANE, A.J., CONCURS IN JUDGMENT ONLY