[Cite as *State v. Powell*, 2021-Ohio-2440.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109897 |
| v. | : | |
| CARLIN POWELL, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 15, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-598275-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey and Frank R. Zeleznikar, Assistant Prosecuting Attorneys, *for appellee.*

Carlin Powell, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant Carlin Powell appeals the trial court's denial of his motion for leave to file a motion for new trial. Because the evidence Powell submitted in support of his motion for new trial demonstrated that the evidence was known or

could have been discovered with reasonable diligence prior to Powell's sentencing date, the trial court did not abuse its discretion denying the motion for leave to file a motion for new trial and we affirm the trial court's judgment.

{¶ 2} On January 26, 2018, Powell was found guilty of one count of rape and one count of kidnapping with a sexual motivation specification of one victim, and corruption of a minor of another victim. He was also found guilty of sexually violent predator specifications. The trial court journalized the guilty verdicts on January 29, 2018. On May 14, 2018, Powell was sentenced to an aggregate prison term of ten and one-half years. His convictions were affirmed on appeal to this court. *State v. Powell*, 2019-Ohio-4345, 134 N.E.3d 1270 (8th Dist.). An account of the facts presented at trial is set forth in our opinion affirming Powell's convictions. *Id.* at ¶ 3-33. We denied Powell's application to reopen the appeal. *State v. Powell*, 8th Dist. Cuyahoga No. 107276, 2020-Ohio-3887.

{¶ 3} Within his direct appeal, Powell argued that the court improperly allowed serology evidence in the form of a lab report, that the prosecutor engaged in misconduct by referencing an alleged third victim of sexual abuse, and that he received ineffective assistance of counsel by failing to seek severance of the several charges and by failing to renew a motion to dismiss the charges based upon preindictment delay. *Powell*, 2019-Ohio-4345.

{¶ 4} On March 31, 2020, 792 days after the trial court's journal memorialized the verdicts, Powell filed a pro se motion for leave to file a motion for

new trial. Within his motion for leave, he alleged prosecutorial and witness misconduct. Powell attached the following documents to his motion for leave:

- An affidavit from Willie Powell, dated March 16, 2020;

- Exhibits A1-3, Five pages of apparent internet printouts detailing film festival dates and broadcast dates for an HBO documentary, *I Am Evidence;*

- Exhibits B1-4, BCI Lab Report dated September 11, 2015, two printed pages of a Cleveland Plain Dealer article dated April 3, 2014;

- Exhibit C, Two pages of transcript from Powell's trial, North Carolina Department of Public Safety Correspondence to Carlin Powell dated August 1, 2016 and attachment;

- Exhibit D, Two pages of Powell's trial transcript; and

- Exhibit E, Two pages of Powell's trial transcript.

{¶ 5} Powell attached the affidavit from his brother Willie Powell in order to explain when they discovered information about the documentary. Willie Powell averred that he viewed the HBO documentary, *I am Evidence*, on March 6, 2020. He stated that he then discovered the documentary "was first presented on April 24, 2017, at the 'Tribeca Film Festival' in New York," and informed Carlin Powell of this fact.

{¶ 6} Exhibits A1-3 are copies of emails sent to Powell that include images of an unidentified website indicating that the documentary *I am Evidence* was an official selection of  the 2017 Tribeca Film Festival and that the documentary had won awards at two other festivals.  The information further notes that the documentary would not be released to the public until "April."  Exhibit A4 is another

email that includes a screenshot of a website, wearemoviegeeks.com, with a headline dated October 18, 2017, indicating that the documentary would appear on November 18 at the St. Louis International Film Festival. Exhibit A5 is an email of a screenshot indicating that the website IMDb has a listing of the documentary.

{¶ 7} In his motion, Carlin Powell alleged that the documentary was created and released prior to his trial and is newly discovered evidence. He further argued that creation of the documentary before his trial supports his claims of witness and prosecutorial misconduct.

{¶ 8} In the state's brief in opposition to the motion for leave, it argued that Powell was aware of the documentary at his trial in January 2018. It notes that Powell's counsel argued that one of the victims was not credible because she knew that she was being filmed for the documentary during an interview with an investigator. Further, the state noted that the information about the documentary submitted in the internet printouts marked as Exhibits A1-5 was available online in April 2018, after Powell's trial but before his sentencing. The state further noted that the BCI lab report and Plain Dealer articles marked as Exhibit B were available before P0well's trial and that the information contained in the remaining exhibits were available at trial.

{¶ 9} On July 16, 2020, the trial court denied the motion for leave without hearing. Powell now raises two assignments of error, which will be addressed together. His first assignment of error reads:

The trial court abused its discretion when it failed to grant Powell's motion for leave to file a motion for new trial when the record demonstrated by clear and convincing proof that Powell was unavoidably prevented from discovering the new evidence and presented to the court within a reasonable time following its discovery.

{¶ 10} His second assignment of error reads:

The trial court abused its discretion when it failed to hold a hearing on Powell's motion for leave to file a motion for new trial when the record and circumstances supported Powell's claim that he was unavoidably prevented from discovering the evidence at issue, and where the evidence support a potential Brady violation as well as a Crim.R. 16 violation.

{¶ 11} Crim.R. 33 governs the procedure for filing a motion for new trial. Crim.R. 33(B) provides in relevant part:

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty-day period.

{¶ 12} Accordingly, where the evidence used in support of the motion is discovered after 120 days, a defendant must demonstrate that he was unavoidably prevented from discovery of that evidence. "[A] party is unavoidably prevented from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence." *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).

**{¶ 13}** A defendant seeking leave to file a motion for new trial must show by clear and convincing proof that he was unavoidably prevented from filing his motion. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 103634 and 104506, 2016-Ohio-7298, ¶ 20. A mere allegation that the evidence could not be found is not sufficient to show that that the evidence could not be discovered in a "timely manner." *Id.* Further, a defendant who makes no effort to discover evidence cannot claim that he was unavoidably prevented from so doing. *State v. Jackson*, 8th Dist. Cuyahoga No. 108241, 2019-Ohio-4893, ¶ 19-20, citing *State v Cashin,* 10th Dist. Franklin No. 17AP-338, 2017-Ohio-9289.

**{¶ 14}** We review the denial of a motion for leave to file a motion for new trial for an abuse of discretion. *Cowan* at ¶ 12. An abuse of discretion has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *State v. Phillips*, 2017-Ohio-7164, 95 N.E.3d 1017, ¶ 21 (8th Dist.)  In this case, the trial court denied the motion for leave to file without a hearing. "The trial court's decision whether to hold an evidentiary hearing on a defendant's request for leave to file a delayed motion for new trial is also reviewed for an abuse of discretion." *Id.*, citing *State v. Hill*, 8th Dist. Cuyahoga No. 102083, 2015-Ohio-1652, ¶ 16.

**{¶ 15}** Powell argues that the trial court abused its discretion by denying him leave to file a motion for new trial because he was incarcerated and did not have access to media or the internet while in prison to discover more information about the documentary.  The state argues that the trial court properly denied leave because it is apparent that the evidence and exhibits Powell submitted to support his motion

for leave could have been discovered within the 120-day time period set forth in Crim.R. 33(B).

{¶ 16} Powell's trial was concluded on January 26, 2018. The verdict was journalized by the court on January 29, 2018. The 120-day time period pursuant to Crim.R. 33(B) therefore expired May 29, 2018. The evidentiary materials Powell presented in support for his motion for leave to file in Exhibits A1-5 demonstrate that they were available in April 2018 when the documentary was shown on HBO, prior to his sentencing on May 14, 2018. Further, the rest of the materials Powell submitted with his motion for leave were dated either before trial or were transcripts from the trial. As such, these facts were known prior to the expiration of the 120-day time limit in Crim.R. 33(B).

{¶ 17} Powell and his counsel knew that the documentary existed. Any reasonable diligence would have discovered the availability of the documentary prior to the expiration of the time limit set forth in Crim.R. 33(B). Accordingly, we cannot say that Powell was unavoidably prevented from filing a motion for new trial based on the existence of or the contents of the documentary within the 120-day time limit and the trial court did not abuse its discretion by denying the motion for leave without hearing. Powell's assignments of error are overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, A.J., and
ANITA LASTER MAYS, J., CONCUR