[Cite as *State v. Barrow*, 2020-Ohio-3719.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108832 |
| v. | : | |
| RICHARD BARROW, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 16, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-13-577219-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Philip E. Pitzer, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Richard Barrow, appeals the trial court's denial of his untimely, successive petition for postconviction relief. For the reasons that follow, we affirm the trial court's decision.

{¶ 2} Barrow was convicted of attempted murder and having a weapon while under disability and sentenced to nine years in prison. Barrow appealed his convictions, challenging the manifest weight and sufficiency of the evidence; this court affirmed. *State v. Barrow*, 8th Dist. Cuyahoga No. 101356, 2015-Ohio-525, *appeal not accepted*, *State v. Barrow*, 142 Ohio St.3d 1519, 2015-Ohio-2341, 33 N.E.3d 66. Barrow subsequently moved to reopen his appeal, which this court denied. *State v. Barrow*, 8th Dist. Cuyahoga No. 101356, 2015-Ohio-4579. Later, this court affirmed the trial court's denial of his first petition for postconviction relief. *State v. Barrow*, 8th Dist. Cuyahoga No. 103331, 2016-Ohio-2839. Barrow unsuccessfully pursued other relief through a federal habeas corpus action. *Barrow v. Lazaroff*, N.D.Ohio No. 1:16CV2076, 2018 U.S. Dist. LEXIS 145414 (Aug. 3, 2018), *adopted*, N.D.Ohio No. 1:16CV2076, 2018 U.S. Dist. LEXIS 145421 (Aug. 27, 2018).

{¶ 3} In May 2019, Barrow filed a second petition for postconviction relief, contending that new evidence demonstrates that he was not the person who shot the victim. The new evidence attached to his petition is a September 17, 2018 affidavit from Cheyenne Burris who averred that, contrary to trial testimony, Barrow was not with her when she arrived at the scene of the shooting. She stated that she arrived with a "friend" who struggled over the gun with the victim when the gun fired. Following the state's response, the trial court summarily denied Barrow's petition.

{¶ 4} Barrow now appeals, contending in his sole assignment of error that the trial "court erred in finding that [his] right to due process of law as guaranteed

by the Fifth and Fourteenth Amendments to the United State Constitution was not violated by [his] continued incarceration [when he] demonstrated his innocence through newly discovered evidence."

{¶ 5} Typically, a reviewing court reviews a trial court's decision granting or denying a petition for postconviction relief for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. However, whether the trial court possessed subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which we review de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

{¶ 6} Barrow's concedes that his petition for postconviction relief was untimely and successive. However, R.C. 2953.23(A)(1) allows the trial court to consider his untimely and successive petition if Barrow (a) was "unavoidably prevented from discovery of the facts" upon which his claim relies or he is asserting a claim based on a new, retroactively applicable federal or state right recognized by the United States Supreme Court after his petition became untimely and after he had filed earlier petitions; and (b) shows by clear and convincing evidence that no reasonable factfinder would have found him guilty "but for constitutional error at trial." R.C. 2953.23(A)(1)(a)-(b).

{¶ 7} Because the timeliness requirement of R.C. 2953.23 is jurisdictional, a trial court does not have jurisdiction to entertain an untimely filed petition for postconviction relief that does not meet the exceptions set forth by R.C.

2953.23(A)(1). *See State v. Kleyman*, 8th Dist. Cuyahoga No. 93896, 2010-Ohio-3612, ¶ 35.

{¶ 8} Barrow does not claim the existence of a new right in his petition; accordingly, this court will only focus on whether Barrow was unavoidably prevented from discovering Cheyenne Burris's testimony, and whether he established by clear and convincing evidence that no reasonable factfinder would have found him guilty but for a cognizable constitutional error at trial.

{¶ 9} In this case, Barrow fails to establish that he was unavoidably prevented from discovering Burris's testimony. Burris states in her affidavit that she was "afraid to come forward." However, Barrow does not establish how Burris's fear of testifying in 2014 unavoidably prevented him from discovering her testimony. She was clearly known to Barrow at the time of trial because she is the mother of his child. Additionally, the police reports exchanged during discovery identified Burris as a witness, and multiple witnesses testified at trial that Barrow arrived at the scene with Burris. Additionally, at the hearing where Barrow wished to withdraw his plea, Barrow stated that he was communicating with Burris about the case. He could have issued a subpoena and compelled her to testify at trial.

{¶ 10} Even if Barrow demonstrated that he was unavoidably prevented from discovering Burris's testimony, he fails to establish that a constitutional error occurred at trial. His only claim is that he is innocent of the charges. There is no freestanding constitutional right to postconviction relief based on actual innocence. A claim of actual innocence is not itself a constitutional claim, nor does it constitute

a substantive ground for postconviction relief. *Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, at ¶ 26, citing *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *see also State v. Williams*, 8th Dist. Cuyahoga No. 85180, 2005-Ohio-3023, ¶ 31.

{¶ 11} Barrow contends on appeal that he is not raising an "actual innocence" claim but rather, raising "a due process claim, arguing that the evidence does not rise to a level beyond a reasonable doubt." Although artfully crafted, this court fails to see the distinction between the two claims because in essence Barrow is contending that Burris's affidavit proves that he was not the shooter. This evidence, if true, would prove that Barrow is innocent. Moreover, in his petition, Barrow contends that Burris's affidavit is "exculpatory information" and accordingly, he would not have been convicted. It is this court's opinion that Barrow's perceived constitutional claim is one of actual innocence regardless of how he frames the claim.

{¶ 12} Even if his "due process" claim satisfies the constitutional-claim threshold, Barrow still bears the burden of demonstrating by clear and convincing evidence that a reasonable trier of fact would not have found him guilty based on the affidavit supporting his petition. In postconviction motions, a "trial court may discount self-serving affidavits from the petitioner or his family members." *State v. Stedman*, 8th Dist. Cuyahoga No. 83531, 2004-Ohio-3298, ¶ 29. In this case, Burris is the mother of Barrow's child. Moreover, she waited over four years before coming forward with the alleged alibi. Her statement is contradictory to testimony provided

by three witnesses at trial. Finally, in Burris's affidavit she does not identify her "friend" who struggled over the gun with the victim when the victim was "accidentally shot." Rather, she avers that "the name of the person I did have with me is irrelevant," but said that it was not Barrow. These statements do not rise to the level of clear and convincing evidence when Burris fails to identify who was the actual shooter, especially when the shooting was "accidental."

{¶ 13} Accordingly, we find that the trial court did not err in denying Barrow's petition for postconviction relief without conducting a hearing because he did not satisfy the jurisdictional requirements permitting the trial court to entertain the petition. *See, e.g., State v. Bates*, 8th Dist. Cuyahoga No. 105766, 2017-Ohio-8408 (when a trial court lacks jurisdiction to hear a petition under R.C. 2953.23(A)(1), it is not an abuse of discretion to not conduct an evidentiary hearing).

{¶ 14} Barrow's assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EILEEN T. GALLAGHER, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR